Butler v. Howes.

---

## BUTLER *v*. HOWES.

In an action for slander, where words are charged to have been spoken of and concerning a defendant, as a clerk or tradesman, which it is alleged was his profession, it is unnecessary to allege special damages.

APPEAL from the District Court of the Twelfth Judicial District, in the County of San Francisco.

Butler, the plaintiff below, set out in his complaint, that at the time, etc., he exercised and carried on the business of a clerk, book-keeper, and accountant, and as such, was employed in various fiduciary capacities for hire and reward, and thereby ac-

quired great gains and profits, etc.   That the said defendant, on
the fifteenth day of April, 1855, at the city of San Francisco, in
a certain discourse which he then and there had, of and concern-
ing the plaintiff, and of and concerning him in his said business
and calling as such merchant's clerk and book-keeper as afore-
said, in the presence and hearing of divers good and worthy cit-
izens of this state, falsely and maliciously spoke and published,
etc., certain false, malicious, and defamatory words, in substance
charging defendant with saying that Butler, while acting as his
clerk, had defrauded him by abstracting his funds, etc.

The plaintiff below, had a verdict for five thousand dollars, on
which judgment was entered.   Defendant moved for a new trial,
which being denied, he appealed from the judgment and the
order denying a new trial.

*S. M. Bowman* for Appellant.

The count below erred in overruling the demurrer.

The words alleged in the first and second counts are not *per se*
actionable, and no special damage is shown.   Nor does it appear
to whom the words were spoken, nor by whom the plaintiff was
refused employment; in fact, it does not appear in what manner
the plaintiff had sustained any damage whatever.   This is not
correct pleading according to the forms of the common law.
The loss of employment is the gist of the action, so far as the
first two counts allege.   The damage should be specially averred
with every necessary fact, showing how it accrued.

"*Averment of Special Damage.*—Where it is necessary to the
action that special damage should be proved, or where it is in-
tended to prove it, it should be specially averred; for no special
damage can, according to the modern doctrine, be given in evi-
dence which is not laid in the declaration.

" Thus, the averring that several customers left the plaintiff's
house, is no allegation of special damage, for pleadings must
specify the names of persons who left.

"And, in accordance with the same rule, if the damage con-
sists in the loss of marriage, the name of the individual must be
given, and the plaintiff is bound by the name given, and cannot
substitute another on the trial.

" Where the special damage consists in the plaintiff's having
been prevented from selling his estate, it must appear how he
was prevented, as that he took steps to sell, when the bidding
was stopped by the defendant's acts.

" The object of the rule is that the defendant may be apprised
of what he comes to answer."

Cooke on the Law of Defamation, § 10, pp. 102–3; Stephen on
Pl., 352; 1 Starkey on Slander, 440–1, (side page); 1 Chit. Pl.,
397, (side page); Herrick *v.* Lapham, 10 John., 281.

The demurrer pointed directly to these defects, and specified

them.   It would seem perfectly clear that the judgment should be reversed for this error alone, unless we are to disregard all well-settled rules of pleading in such cases.

*Sloan & Love* for Respondent.
No brief on file.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

The declaration was sufficient to maintain an action of slander.   The words are charged to have been spoken of and concerning the defendant as a clerk or tradesman, which, it is alleged in substance, was his profession, and in such cases, the rule is well established, that it is unnecessary to allege special damages.

The want of a proper statement precludes us from examining the other assignments of error.

Judgment affirmed.