[No. 12670.   Department Two. — May 29, 1890.]

## T. H. FROLICH, RESPONDENT, *v.* CHARLES McKIERNAN, APPELLANT.

SLANDER — CHARGE OF THEFT AGAINST SECRETARY OF CORPORATION — ACTIONABLE WORDS — PLEADING. — The words, "you thief," "you swindler," "you scoundrel," "you want to swindle me out of my money," alleged in the complaint to have been slanderously spoken in the presence of others, by defendant, of, to, and concerning plaintiff as the secretary of a corporation of which defendant was president, and for the purpose of injuring plaintiff in his said office, and to have been meant to be understood, and to have been actually understood, by those who heard them, as charging plaintiff with having committed theft as such secretary, are actionable, and cannot upon demurrer be construed as merely imputing to plaintiff a desire to swindle.

ID. — SPECIAL DAMAGES. — When the complaint in an action for slander contains allegations sufficiently showing that the words spoken of the plaintiff by the defendant are actionable, it is not necessary to allege special damages.

APPEAL from a judgment of the superior court of Santa Clara County.

The complaint alleges that plaintiff is, and was at the time set forth therein, the secretary of the Santa Clara Valley Co-operative Wine Company, a corporation of which defendant is and then was president and a stockholder, and proceeds to allege as follows: "That on the twelfth day of November, 1887, in the presence of one F. Duchatel, the superintendent of said corporation, William Farrington, a stockholder and director thereof, Richard Faull, and other persons then and there present, the said defendant willfully and maliciously spoke to, of, and concerning the plaintiff the following false and scandalous words, 'you thief,' 'you swindler,' 'you scoundrel,' 'you want to swindle me out of my money,' meaning thereby that this plaintiff, by virtue of the position he held as aforesaid, and by reason of his acts as such secretary, clothed with the duties thereof, had stolen from the said defendant as stockholder aforesaid, and as such secretary cheated and defrauded the said

defendant, and was of such character that he was unfit to be, and to act as, such secretary, because of being dishonest; that defendant desired to be understood, and did mean thereby, and was understood by said plaintiff and the said parties then present, as charging the said plaintiff with dishonesty, and as being unreliable in his office in said incorporation as aforesaid, for the services of which plaintiff was being pecuniarily recompensed, and from which recompense he supported his family; and defendant did so charge plaintiff with being a thief, for the purpose of, and defendant did then and there desire to be understood, and was understood by said parties, as charging said plaintiff unqualifiedly of having committed theft as such secretary as aforesaid; that defendant did mean, and was understood to mean, by parties then and there present, and by this plaintiff, by said words, 'you swindler,' 'you scoundrel,' that this plaintiff was dishonest, unreliable, and unworthy of confidence as such secretary as aforesaid; and said defendant did mean by the expression ' you want to swindle me out of my money,' and was so understood by the parties then and there present, as imputing to plaintiff an attempt to steal, to swindle, and defraud defendant, and want of honesty; and said charges, as aforesaid, did tend, and were uttered by said defendant for the purpose of inducing and compelling the directors of said corporation to remove the plaintiff as such secretary from said position, thereby to deprive the said plaintiff of the support of himself and family from salary as such secretary. By reason of which plaintiff has suffered damages in the sum of ten thousand dollars. Wherefore plaintiff demands judgment against defendant in the sum of ten thousand dollars, and costs of suit." Further facts are stated in the opinion of the court.

S. A. Barker, for Appellant.

The words spoken must be construed together. (Van Vactor v. Walkup, 46 Cal. 134.) When construed together,

they are not actionable *per se*, and no special damage is alleged. The most the language used can be held to impute to the plaintiff is a desire to swindle the defendant out of his money, and that is not actionable *per se*. (*McKee* v. *Ingalls*, 4 Scam. 30, with cases cited in opinion and notes; *Lerned* v. *Buffington*, 3 Mass. 553; *Pegram* v. *Styron*, 1 Bail. 595; Townshend on Slander, 3d ed., sec. 134; Odgers on Slander and Libel, 1st Am. ed., p. *60.) The plaintiff, by allegations in and by way of an innuendo, seeks to make unambiguous words actionable not otherwise shown to be so, which cannot be done. The office of an inneundo is to explain, not to extend what has gone before; the want of the colloquium cannot be supplied by an innuendo. (Townshend on Slander and Libel, 3d ed., secs. 335–337, 343, and cases cited in footnotes; *Clark* v. *Fitch*, 41 Cal. 480.)

*Moore & Burchard*, for Respondent.

The complaint is sustained by the following authorities: *Maynard* v. *Fireman's Fund Ins. Co.*, 47 Cal. 207; *Chamberlin* v. *Vance*, 51 Cal. 75. No special damages need be alleged. (*Butler* v. *Howes*, 7 Cal. 88.)

MCFARLAND, J.— Action for slander; verdict and judgment for plaintiff for $450; defendant appeals from the judgment upon the judgment roll alone. The only points made by the appellant relate to the sufficiency of the complaint, to which he demurred, upon the grounds that it does not state facts sufficient to constitute a cause of action, and is ambiguous, uncertain, and unintelligible.

There is supposed to be still some relic of the exaggerated nicety with which pleadings in actions of libel and slander had formerly to be constructed, and it is invoked in this case. The words alleged in the complaint to have been slanderously spoken by defendant of plaintiff are these: "You thief," "you swindler," "you scoundrel,"

"you want to swindle me out of my money." Of this language the ordinary man would say, with the hostess in Henry IV., "These are very bitter words"; but it is contended that, for the purposes of the law of slander, the sting of the first part of the language is removed by the qualification of the latter part. That is to say, the contention is, that defendant only said that plaintiff was a thief *because* he wanted to swindle defendant out of his money; and as *wanting* to swindle does not make a man a thief, therefore defendant did not, in law, call plaintiff a thief; and as wanting to swindle a man out of his money does not constitute a crime, therefore the alleged language is not actionable. There is, no doubt, some authority for this contention; but the complaint minutely and in detail sets forth what defendant meant by the language used, and how he meant to be understood by those in whose presence it was used, and how the latter understood it, and, moreover, that plaintiff was the secretary of a certain corporation of which defendant was president, and that the language was spoken of and concerning plaintiff as such secretary, for the purpose of injuring him in his said office. This was sufficient to make the language actionable, and it was not necessary to allege special damages. (Civ. Code, sec. 46; *Butler* v. *Howes,* 7 Cal. 87.)

We see nothing in the points that the complaint was ambiguous, uncertain, or unintelligible.

Judgment affirmed.

SHARPSTEIN, J., and Fox, J., concurred.