## MYERS v. KIRT ET AL.

1. **Intoxicating Liquors**: WRONGFUL SALE: LIEN ON BUILDING: STATUTE OF LIMITATIONS. Action by a wife for damages on account of unlawful sales of liquors to her husband, and for a lien against the saloon property. The original petition claimed a lien, but possibly did not state all the facts necessary to establish it. More than two years after the alleged sales, plaintiff amended her petition by alleging that the owner of the building had notice of and consented to the unlawful sales. *Held* that the original petition was, at all events, sufficient to prevent the running of the statute of limitations against the claim for a lien.

2. ———: ———: ———: NOTICE: LIS PENDENS. In such case, one purchasing the property pending the action takes it subject to the plaintiff's right to a lien, as finally established:

3. **Pleading**: DEFENSE: RIGHTS OF STRANGER. A defendant in an action cannot set up as a defense that the right of another would be interfered with by granting the relief demanded.

*Appeal from Buchanan Circuit Court.*

FRIDAY, DECEMBER 18.

THE plaintiff by this action seeks to recover damages of the defendant John Kirt for the unlawful sales of intoxicating liquors to plaintiff's husband, by which, as it is alleged, she had been damaged in her means of support. She also demands the establishment of a lien for her damages as against the saloon property where said liquor was sold; said property being owned by the defendant Reckermire, as is

alleged. There was a demurrer to the answer of the defendant Reckermire, which was sustained. From the order sustaining the demurrer he appeals.

*Woodward & Cook,* for appellant.

*H. W. Holman* and *C. E. Ransier,* for appellee.

ROTHROCK, J.—I. This cause has already been twice appealed to this court by the defendant Reckermire. See 57 Iowa, 421, and 64 Id., 27. The judgment was reversed on the first appeal, because the evidence did not show that Reckermire had knowledge of and assented to the unlawful acts of Kirt of which plaintiff complained. On the second appeal the judgment was reversed for the reason that the instructions given by the court to the jury omitted to charge that the property could not be made subject to the damages without proof that the owner had knowledge of and assented to the unlawful sales. When the cause was remanded for a new trial, the plaintiff amended her petition by alleging that the defendant Reckermire had full knowledge of all the facts stated in the original petition against Kirt, and gave his consent thereto with such knowledge. Reckermire answered, in substance, that more than two years had elapsed between the alleged transactions in the original petition and the filing of the amendment to the petition, and that, therefore, the action is barred by the statute of limitations. He further pleaded that on the twenty-seventh day of May, 1882, he sold and conveyed the property in question to E. F. Kirt, and that since that time he has had no interest in said real estate. The demurrer raises the question as to the sufficiency in law of these two defenses.

We are clearly of the opinion that the demurrer was correctly sustained. The action was commenced on the tenth day of May, 1880. It is exceedingly doubtful whether any amendment to the petition was necessary; but, conceding

that it was, the original petition asserted a claim against the property and sought to subject it to the payment of the judgment for damages. It may not have stated all of the facts necessary in law to enable the plaintiff to succeed in the action, but it was not attacked by demurrer or motion. It would be a novel doctrine to hold that the statute of limitations continued to run notwithstanding the commencement of the action.

II. As to the second defense it is sufficient to say that the conveyance was made pending the action. But, even if no action was pending, it will be time enough to adjudicate any rights that defendant's grantee has in the property when such grantee becomes a party to some question before the court.

AFFIRMED.