[Civ. No. 604.  Second Appellate District.—March 19, 1909.]

SAMANTHA E. JONES, Administratrix of Estate of JAMES M. JONES, Deceased, Respondent, v. CARL LEONARDT, Appellant.

NEGLIGENCE—ACTION FOR DEATH OF EMPLOYEE—BREAKING OF INSE-CURE JOIST ABOVE DECEASED—PROXIMATE CAUSE OF DEATH—SUF-FICIENCY OF PROOF.—In an action for the death of an employee alleged to have been caused by the negligence of the employer in allowing an insecure joist in a temporary floor in the eighth story, directly over where deceased was employed on the seventh story, which insecure joist was broken in two, one of the pieces of which struck and precipitated him to the lower floor, the fact that no eye-witness saw him struck is not sufficient to relieve the defendant from liability, where the evidence shows the position occupied by him, and a fellow employee on the same floor certified that he saw the two broken pieces falling one toward deceased, and one toward himself, and was so scared that he did not see de-ceased struck, but found immediately that he was gone, and he was afterward picked up dead on the ground floor, the proof is sufficient to show that the broken joist was the proximate cause of the death.

ID.—CONTRIBUTORY NEGLIGENCE NOT ESTABLISHED — SAFE PLACE TO WORK.—The deceased is not shown to have been guilty of con-tributory negligence in selecting an unsafe place to work, where the foreman of the subcontractor testified that the place where he was working was perfectly safe, notwithstanding conflicting testi-mony of the superintendent of defendant to the contrary, the ver-dict being for plaintiff.

ID.—ELEMENTS OF DAMAGE—PROPER INSTRUCTION.—The court prop-erly instructed the jury that in estimating damages they were to take into consideration the loss of the comfort, society, support and protection suffered by the widow and children of the deceased by his death.

ID.—NATURE OF ACTION FOR DEATH—RECOVERY FOR HEIRS.—The action under section 377 of the Code of Civil Procedure is a statutory one, and the recovery is for the benefit of the heirs; and the bringing of the action by the personal representative of the deceased does not make the damages any part of the estate. Un-less it appears that there are heirs who can take, the administra-tor has no right of action.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

M. E. C. Munday, for Appellant.

Will D. Gould, Charles J. Noyes, and James H. Blanchard, for Respondent.

TAGGART, J.—Action for damages for death of plaintiff's intestate. The appeals are from a judgment in favor of plaintiff and from an order of the trial court denying defendant's motion for a new trial.

James M. Jones was an employee of the Baker Iron Works, which was a subcontractor for steel work under the defendant, who was engaged, as contractor, in the construction of a large building in the city of Los Angeles. While Jones was engaged in his regular employment on the seventh floor of the building, one of the employees of the defendant in passing over and across the temporary floor above, broke through, causing one of the joists supporting the floor to break into two pieces, one of which fell and struck Jones, precipitating him down the light shaft some sixty or seventy feet to the lower floor and causing his death. The negligence relied upon consisted in the insufficient securing of the joist supporting the floor which was broken through, which does not seem to be or to have been contested.

Appellant contends in support of his appeal that the evidence does not support a finding of negligence upon the part of defendant in this, that it does not show that the death of Jones was due to the falling of the joist in question. This is upon the theory that there was no eye-witness who testified to seeing Jones struck, and that from the evidence in the case an inference might be drawn that Jones fell for some other reason. One of the employees of defendant testified that his back was toward Jones when he heard the cracking noise, that he turned around, saw the joist coming, one end falling toward Jones and the other toward himself. That he was so scared he couldn't say that he saw Jones struck, but he looked immediately after and Jones was missing from the place in which he had been. The foreman for defendant says the joist broke almost over where Jones was working, not more than two or three feet from directly over him. His body

was found shortly after at the bottom of the light-well, broken, bruised and crushed by the fall. The doctrine of *Puckhaber* v. *Southern Pac. Co.*, 132 Cal. 363, [64 Pac. 480], is not applicable to such a state of facts. Neither is there any question of the burden of proof or the preponderance of evidence involved under the facts of this case, as in the case of *Valente* v. *Sierra Ry. Co.*, 151 Cal. 534, [91 Pac. 481], cited by appellant.

Appellant's contention that plaintiff's intestate was guilty of contributory negligence by selecting an unsafe place to work in is equally without support in the record. The foreman for the Baker Iron Works testified that the place where Jones was working was perfectly safe, and there is no testimony in conflict with this, except that of the superintendent for defendant.

The instruction of the jury by the court that they were to take into consideration the loss of the comfort, society, support, and protection suffered by the widow and children of deceased, by his death, in estimating the damages which the plaintiff might recover, was proper. The action under section 377 of the Code of Civil Procedure is a purely statutory one and the recovery is for the benefit of the heirs, and the bringing of the action by the personal representative of the deceased does not make the damages recovered a part of the estate of the deceased. (*Munro* v. *Pacific Coast Dredging etc. Co.*, 84 Cal. 515, 528, [18 Am. St. Rep. 248, 24 Pac. 303].) The administrator as such has no interest in the matter, and brings the action only because the statute says so. He is made a statutory trustee to recover the damages for the benefit of the heirs. Unless it is shown there are heirs who can take, an administrator has no right of action. (*Webster* v. *Norwegian Mining Co.*, 137 Cal. 400, [92 Am. St. Rep. 181, 70 Pac. 276].)

No error appearing in the record, the judgment and order appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 17, 1909.