[Civ. No. 644.  First Appellate District.—October 13, 1909.]

## RAUER'S LAW AND COLLECTION COMPANY, Inc., Respondent, v. ELMORE C. LEFFINGWELL, Appellant.

ACTION ON ASSIGNED NOTE—DEFECTIVE AVERMENT OF NONPAYMENT—AMENDED COMPLAINT—STATUTE OF LIMITATIONS.—The rule that when a new and different cause of action is for the first time set forth in an amended complaint, the statute of limitations runs to the date of the amended complaint, does not apply, where the complaint and amended complaint upon an assigned note set forth the same obligation, and the object of the amended complaint is merely to cure a defective averment of nonpayment, which in the original complaint alleged only nonpayment to the assignee, without including nonpayment to the assignor.

ID.—AMENDED COMPLAINT NOT A DEPARTURE IN PLEADING—CONTINUANCE OF SAME OBLIGATION TO PAY NOTE.—The amended complaint contained a proper amendment to the original complaint, and was not a departure therefrom in pleading. It involved a continuance of the same action on the same obligation to pay the past due note sued upon.

ID.—COMMENCEMENT OF ACTION ON NOTE—RUNNING OF STATUTE STOPPED. The action was commenced as to the note then due by the filing of the original complaint setting forth the obligation to pay the note, and when so filed the running of the four years' statute of limitations upon that obligation was stopped for the whole action, notwithstanding any amendment relating only to its breach by nonpayment.

ID.—FINDINGS—SUPPORT OF JUDGMENT—FAILURE TO FIND UPON DEFENSE OF WANT OF CONSIDERATION—EVIDENCE NOT SHOWN.—Where the findings made fully support the judgment, the failure of the court to find upon a plea of want of consideration set forth as a defense cannot be considered as a ground of error, when no bill of exceptions or statement of the case appears in the record showing that evidence was submitted sufficient to sustain such defense.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Geo. H. Buck, Judge presiding.

The facts are stated in the opinion of the court.

J. J. Lermen, for Appellant.

Macks & Tomsky, for Respondent.

HALL, J.—This is an appeal from a judgment for plaintiff, and is presented to this court upon the judgment-roll alone.

The action is upon a promissory note executed by defendant to one George W. Wittman, who, prior to the commencement of the action, indorsed the note to plaintiff.

The original complaint was demurred to upon the sole ground that it did not state facts sufficient to constitute a cause of action, the point of the demurrer being that the complaint did not sufficiently allege nonpayment of the note. The allegation in the complaint in this regard is, "That no part of said sum of $630, or interest due on said note, has been paid to plaintiff," which of course is not inconsistent with full payment to Wittman, the assignor of plaintiff.

The demurrer was sustained and an amended complaint was filed, which is in all respects the same as the original complaint, save that it sufficiently alleges nonpayment of the note. More than four years elapsed between the maturity of the note and the filing of the amended complaint, so that unless the filing of the original complaint tolled the running of the statute the action was barred. Defendant pleaded the bar of the statute by demurrer to the amended complaint, and the action of the trial court in overruling this demurrer presents the only important question to be determined upon this appeal.

Undoubtedly when a new and different cause of action is for the first time set up in an amended complaint, the statute of limitations runs to the filing of such amended complaint. The argument of appellant is that as the original complaint stated no cause of action, while the amended complaint stated a perfect cause of action, the latter necessarily stated a new and different cause of action; or, in other words, that the cause of action out of which the judgment resulted was for the first time put in suit when the amended complaint was filed. In a narrow sense this may be true, but not in the sense in which we ordinarily and judicially speak of the commencement of actions or of causes of actions. The purpose of each complaint was to enforce the very same obligation. The first complaint was defective only in that it did not sufficiently allege a breach of the obligation. An attempt to allege such breach was made. The second complaint simply remedied the defect of the first complaint. There can be no question

but that if the running of the statute was not involved in this matter, no lawyer would for one moment contend that the amendment filed in this case was not a proper one—that is, that the amended complaint was not a departure in pleading.

"An action is commenced in this state by the filing of a complaint." (Code Civ. Proc., sec. 405.) An action upon any obligation founded upon an instrument in writing executed within this state may be brought within four years from its maturity. (Code Civ. Proc., sec. 337.) The obligation in this case was the obligation to pay the money promised in the note. The filing of the first complaint was the bringing of an action on this particular obligation. The filing of the amended complaint did not bring an action on a new obligation, but it was a continuance of the same action upon the same obligation.

It cannot be properly said that no action was brought on the obligation sought to be enforced by the amended complaint until the amended complaint was filed. An action was brought on this same obligation when the original complaint was filed, and we have no doubt that it was sufficient to bar the running of the statute on the obligation.

We have not overlooked the cases cited by appellant from the state of Illinois, which certainly do lend support to his contention. (*McAndrews* v. *Chicago etc. Ry. Co.,* 222 Ill. 232, [78 N. E. 603]; *Eylenfelt* v. *Illinois Steel Co.,* 165 Ill. 185, [46 N. E. 266]; *Foster* v. *St. Luke's Hospital,* 191 Ill. 94, [60 N. E. 803], and other cases.) The reasoning of those cases does not commend itself to our judgment. The Illinois rule has been followed by a divided court in Missouri. (*Missouri etc. Co.* v. *Bagley,* 65 Kan. 188, [69 Pac. 189].)

The contrary rule has been followed in Iowa. (*Myerson* v. *Kirt,* 68 Iowa, 124, [26 N. W. 22].)

In this state the precise question involved has never been determined by any appellate court; but in *Frost* v. *Witter,* 132 Cal. 421, [84 Am. St. Rep. 53, 64 Pac. 705], it was held that a complaint that counted on a promissory note might be amended by setting up a mortgage given to secure the payment of the promissory note, although in the meantime the statute had run against the mortgage. This ruling was predicated upon the proposition that the "obligation sought to be enforced—that is to say, the obligation to pay the money agreed to be paid"—was the same in either case. Much more is the

obligation sought to be enforced in either complaint in the case at bar the same.

The court, therefore, did not err in overruling defendant's demurrer to the amended complaint.

The contention that the court erred in failing to find upon certain affirmative matters, showing want of consideration, pleaded as a defense, cannot be sustained in the absence of any bill of exceptions or statement of the case, showing that evidence was submitted sufficient to sustain such defense. (*Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504]; *Himmelman* v. *Henry,* 84 Cal. 104, [23 Pac. 1098].)

The findings made fully support the judgment. There is no bill of exceptions or statement of the case, and we find nothing in the record showing that evidence was introduced to support the defense for want of consideration.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 6, 1909.