[L. A. No. 3010. Department One.—November 18, 1912.]

A. M. RUIZ, as Special Administrator of the Estate of Frederich Joseph Litterst, Deceased, Appellant, v. SANTA BARBARA GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

Negligence—Action by Administrator to Recover for Death—Pleading—Allegation Showing Heirs of Deceased Essential.—The complaint in an action brought, under section 377 of the Code of Civil Procedure, by the administrator of the estate of a deceased person who was not a minor, to recover damages for his negligent death, fails to state a cause of action unless it be alleged that the deceased left heirs. A mere allegation that by reason of the death, "his heirs and personal representatives have suffered damages" in a specified sum is insufficient.

Id.—Action by Special Administrator—Substitution of General Administrator.—Under section 1416 of the Code of Civil Procedure, the general administrator of the estate of a deceased person is entitled to be substituted as plaintiff in, and to prosecute to final judgment, any action instituted by a special administrator of the estate which he was authorized to commence.

Id.—Action by Personal Representative of Deceased—Recovery for Benefit of Heirs or Relatives—Negligent Death of Employee.—The action authorized by section 377 of the Code of Civil Procedure to recover damages for the negligent death of a person not a minor, is solely for the benefit of the heirs of the deceased. The money recovered in such action does not belong to the estate but to the heirs only, and the administrator has the right to bring the action only because the statute authorizes him to do so, but he is simply made a statutory trustee to recover damages for the benefit of the heirs. The same is true of the action authorized by section 1970 of the Civil Code, as amended in 1907, purporting to give a right of action, for and on behalf of "the widow, children, dependent parents, and dependent brothers and sisters," against an employer for damages resulting from the death of an employee in certain cases, to "the personal representatives of such employee."

Id.—Special Administrator may Sue for Negligent Death—Order of Appointment Authorizing Suit.—Section 1415 of the Code of Civil Procedure authorizes the commencement and maintenance by a special administrator, when authorized by the order of court appointing him, of any suit or legal proceeding that might be commenced or maintained by the general administrator or exec-

utor; and, as the right to maintain an action to recover for a negligent death under either section 377 of the Code of Civil Procedure or section 1970 of the Civil Code is expressly conferred upon such general personal representatives, the special administrator has the same right, when authorized by the order of court appointing him.

ID.—AMENDED COMPLAINT—NEW CAUSE OF ACTION NOT STATED—STATUTE OF LIMITATIONS.—Where there is no attempt to state a new cause of action in an amended complaint, but merely the addition of matters essential to make the original cause of action complete, the amendment, though made after the expiration of the period of limitation for the action, relates back to the time of its commencement.

ID.—FAILURE TO ALLEGE HEIRSHIP OR RELATIONSHIP TO DECEASED—AMENDED COMPLAINT CURING DEFECT—ERROR IN REFUSING LEAVE TO FILE.—Where the original complaint in an action instituted by a special administrator to recover for the alleged negligent death of an employee of the defendant, was filed in time but was defective in failing to show that the deceased left any heirs, as required by section 377 of the Code of Civil Procedure, or any relatives for whose benefit such action is authorized by section 1970 of the Civil Code, an amended complaint curing the defect does not state a new or different cause of action, and it was error for the trial court to refuse to permit it to be filed on the ground that a new cause of action was stated therein, which was then barred by the statute of limitations.

ID.—APPLICATION FOR LEAVE TO FILE AMENDED PLEADING—PROPER PRACTICE—SUFFICIENCY SHOULD BE TESTED BY DEMURRER.—On an application to the trial court for leave to file such an amended complaint, the court should not consider any objection based upon the sufficiency of its allegations as a matter of pleading, or any objection based upon the statute of limitations. The proper practice is to permit the amendment to be filed and to determine its sufficiency on demurrer, when leave might be given to the pleader to amend if the pleading be held insufficient and the court deem it proper to grant such leave.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, for Appellant.

H. H. Trowbridge, Hamilton A. Bauer, and Henley C. Booth, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment that he take nothing by his action and that defendant recover its costs, given upon sustaining a demurrer to plaintiff's complaint after failure on plaintiff's part to amend.

The action is one instituted October 19, 1910, by plaintiff as special administrator of the estate of decedent to recover damages for the death of deceased, an employee of defendant, on October 23, 1909, alleged to have been caused by the wrongful neglect of defendant in furnishing defective and insufficient appliances with which to perform his work. It appeared from the allegations of the complaint that an application on plaintiff's part for general letters of administration of said estate was pending at the time of the institution of the action, that he had already been appointed special administrator by an order expressly empowering him to institute this action, and that letters of special administration had been issued to him in conformity with the order. A demurrer was interposed to the complaint on various grounds, among others being the ground that the complaint did not state facts sufficient to constitute a cause of action. The complaint did fail to state a cause of action, in that it failed to allege that the deceased left any heir, an allegation absolutely essential in an action of this character. (*Webster* v. *Norwegian Mining Co.*, 137 Cal. 399, [92 Am. St. Rep. 181, 70 Pac. 276].) It did allege that by reason of the death, "his heirs and personal representatives have suffered damage in the sum of ten thousand dollars," but there was no other allegation referring to any heir. The trial court sustained the demurrer, with leave to plaintiff to amend. Within the time given by the court and by stipulation for such amendment, plaintiff was duly appointed general administrator of the estate of deceased, general letters of administration were issued to him, and as such general administrator he regularly applied, on notice, to be substituted as plaintiff in place of the special administrator, and to be allowed to file an amended complaint, a copy of which proposed amended complaint was presented with his application. In the mean time, the time within which, under our statute of limitations, an action of this character may be instituted, viz., one year (Code Civ. Proc., sec. 340, subd. 3), had expired. Such time expired prior to the appointment of plaintiff as general administrator. Objection

was made to the proposed substitution and the filing of the amended complaint on two grounds, which were substantially, first, that plaintiff as special administrator was not author-ized under the statutes to commence or maintain an action of this character, that the order of the court authorizing him to do so was beyond its jurisdiction and void, and that no proper action having been instituted within a year from the date of death of deceased, the alleged cause of action was barred by subdivision 3 of section 340 of the Code of Civil Procedure, and, second, that the proposed amended complaint set up a new and different cause of action from the one attempted to be declared by the original complaint, and there-fore attempted to state a cause of action barred by the pro-visions of our statute just cited. The objection was sustained, and the application of plaintiff denied. Thereupon judgment was given for defendant as already stated.

1. As to the first objection made to the granting of plain-tiff's application: If the special administrator was authorized to commence the action, the general administrator was entitled to be substituted as plaintiff. Section 1416 of the Code of Civil Procedure provides that the powers of the special admin-istrator cease upon the granting of letters testamentary or of administration, and that "the executor or administrator may prosecute to final judgment any suit commenced by the special administrator."

The objection is based upon the character of this action, as defined by our decisions, and the language of our statute rela-tive to the powers and duties of special administrators.

Section 377 of the Code of Civil Procedure gives a right of action for damages for the death of a person not a minor, caused by the wrongful act or neglect of another, to the "heirs or personal representatives" of the deceased. Section 1970 of the Civil Code as amended in 1907 [Stats. 1907, p. 119], pur-ports to give a right of action, for and on behalf of "the widow, children, dependent parents, and dependent brothers and sisters," against an employer, for damages resulting from the death of an employee in certain cases, to "the per-sonal representative of such employee." It is settled by the decisions that an action of the character authorized by section 377 of the Code of Civil Procedure is one solely for the bene-fit of the heirs, by which they may be compensated for the

pecuniary injury suffered by them by reason of the loss of their relative, that the money recovered in such an action does not belong to the estate but to the heirs only, and that an administrator has the right to bring the action only because the statute authorizes him to do so, and that he is simply made a statutory trustee to recover damages for the benefit of the heirs. (See *Webster* v. *Norwegian Min. Co.*, 137 Cal. 399, [92 Am. St. Rep. 181, 70 Pac. 276] ; *Munro* v. *Pacific Const. etc. Co.;* 84 Cal. 515, 528, [18 Am. St. Rep. 248, 24 Pac. 303] ; *Jones* v. *Leonardt,* 10 Cal. App. 284, 286, [101 Pac. 811].) The same is manifestly made to appear as to the persons mentioned therein by the language used in the provision of section 1970 of the Civil Code, hereinbefore referred to.

Section 1411 of the Code of Civil Procedure provides that in the event of delay in granting letters testamentary or of administration from any cause, and in other specific cases, "the superior court, or a judge thereof, must appoint a special administrator to collect and take charge of the estate of the decedent in whatever county or counties the same may be found, and to exercise such other powers as may be necessary for the preservation of the estate." Section 1412 of the Code of Civil Procedure provides that the appointment must be made "by entry upon the minutes of the court, specifying the powers to be exercised by the administrator." Section 1415 of the Code of Civil Procedure provides that the special administrator "must collect and preserve for the executor or administrator," all the personal property of the decedent and demands of the estate, and must take charge of the real estate, "and for any such and all necessary purposes may commence and maintain or defend suits and other legal proceedings as an administrator." As already noted, section 1416 of the Code of Civil Procedure provides that the executor or administrator may prosecute to final judgment any suit commenced by the special administrator.

The theory of learned counsel for respondent is that the powers conferred by statute on a special administrator have to do solely with the collection and preservation of the property of the estate, that the superior court has no jurisdiction to confer a power not authorized by the statute, and that as the money recovered in such an action has been held not to belong to the estate, but solely to the heirs, the commence-

ment and maintenance of such an action is a matter not embraced within the powers conferred upon the special administrator.

We are of the opinion that the commencement and maintenance of such an action should be held to be within the scope of the powers and duties of a special administrator, as such powers and duties are defined by our statute. Although the moneys recovered in such an action do not constitute assets of the estate, they do constitute property which it is the right and duty of the personal representative of the deceased to collect for the benefit of the heirs, and the right to maintain an action for the recovery of the same is expressly conferred upon such personal representative. Section 1415 of the Code of Civil Procedure appears to us under any fair and reasonable construction to authorize the commencement and maintenance by the special administrator, when authorized by the order of court appointing him, of any suit or legal proceeding that might be commenced or maintained by the general administrator or executor. He for any of certain enumerated purposes ''and all necessary purposes may commence and maintain or defend suits and other legal proceedings *as an administrator*'' may do. Any action thus commenced by him may be prosecuted to final judgment by the general administrator or executor when appointed. No reason is apparent why the special administrator should be held to be excluded from the exercise of this power conferred upon general administrators, and in many cases it may be exceedingly necessary for the protection of the rights of the heirs interested that he should have such power, in view of the fact that such an action must be instituted within one year from the date of death of the deceased. It has been held that such an administrator may maintain the action given to the ''executor or administrator'' by section 1589 of the Code of Civil Procedure to recover when there is a deficiency of assets ''for the benefit of the creditors'' of the decedent, real estate conveyed by him during his lifetime with intent to defraud his creditors. (See *Forde* v. *Exempt Fire Co. et al.*, 50 Cal. 299.) It has also been held that such an administrator may maintain an action to quiet title to real property of the deceased, and that special as well as general administrators are included within the term ''administrators'' as used in section 1582 of the Code of

Civil Procedure. (*McNeil* v. *Morgan*, 157 Cal. 373, 380, [108 Pac. 69].) We can see no good reason why the same should not be held as to the term "personal representative" in section 377 of the Code of Civil Procedure and section 1970 of the Civil Code, and believe, as already stated, that by the language used in section 1415 of the Code of Civil Procedure it was intended to make it possible for a special administrator to commence and maintain any action that an executor or general administrator is authorized to commence and maintain.

2. We cannot see that any new or different cause of action from that attempted to be set up in the original complaint was attempted to be stated in the proposed amended complaint. By each it was attempted to state the cause of action given by the statute to the personal representative of the deceased for the benefit of heirs of the deceased, where his death is caused by the wrongful act or neglect of another. It would appear to be immaterial in this connection whether the personal representative in this case has the right of action by virtue of section 377 of the Code of Civil Procedure or by virtue of section 1970 of the Civil Code, as amended in 1907. In either event he has such a cause of action, under one section it being, in view of our decisions, for the benefit of heirs generally who are damaged, and under the other, it being for the benefit of certain designated persons only, including "dependent parents, and dependent brothers and sisters."

If the amended complaint did not attempt to set up a new and different cause of action from that attempted to be set up in the original complaint, there is nothing in the contention made by respondent based upon the statute of limitations. Where there is no attempt to state a new cause of action in an amended complaint, but merely the addition of matters essential to make the original cause of action complete, the amendment, though made after the expiration of the period of limitation, relates back to the time of the commencement of the action. This was expressly held by the district court of appeal for the first district in *Rauer's Law etc. Co.* v. *Leffingwell*, 11 Cal. App. 494, [105 Pac. 427], in which a rehearing was denied by this court, where the original complaint on a promissory note did not contain an allegation of nonpayment, an allegation absolutely essential to the statement of a cause of action. The amended complaint was filed after the stat-

ute would have run, if it had not been for the original complaint. It was held that it could not properly be said that no action was brought on the obligation until the amended complaint was filed, that the filing of the first complaint was the bringing of the action on the particular obligation and the filing of the amended complaint was simply a continuance of the same action upon the same obligation. It was recognized that there was some conflict of authority in other states, but the rule adopted was declared to be supported by the better reasoning. In *Frost* v. *Witer*, 132 Cal. 421, 427, [84 Am. St. Rep. 53, 64 Pac. 705], it was said, citing several authorities, that ''where the cause of action is not changed, the time to which the statute of limitations runs is the filing of the original complaint.'' In Tiffany's Death by Wrongful Act, section 187, it is said: ''The complaint or declaration may be amended as in other actions where the amended pleading does not state a new cause of action; and such amendment, although made after the expiration of the period of limitation, will relate back to the commencement of the suit. Thus, an amendment may be made . . . which adds an allegation that the deceased left a wife and children.'' This statement is supported by the decisions cited, viz.: *South Carolina R. R. Co.* v. *Nix*, 68 Ga. 572, and *Haynie* v. *Chicago etc. R. R. Co.*, 9 Ill. App. 105. In the latter of these cases the original complaint did not contain the necessary averment that the deceased left a widow or next of kin. The amended complaint, presented after the statute would have run had it not been for the original complaint, contained the necessary allegation in this behalf. It was held that no new cause of action was stated, that the effect of the amendment was simply to state truly the cause of action as it existed at the time of the commencement of the suit and was defectively stated in the original complaint, and that the objections of the defendant based on the statute of limitations should have been overruled. The case of *Lilly* v. *Railroad Co.*, 32 S. C. 142, [10 S. E. 932], may support respondent's claim in this behalf to some extent, but this case does not appear to us to be in accord with the doctrine of *Rauer's etc. Co.* v. *Leffingwell*, 11 Cal. App. 494, [105 Pac. 427], which we think states the better rule. We find no other case cited by respondent in this matter that requires notice.

3. Basing its contention upon the claim that this action must be held to be subject to the limitation in section 1970 of the Civil Code to the effect that it can be maintained only for the benefit of "dependent parents and dependent brothers and sisters" where there is no widow or child, it is urged here that the proposed amended complaint is fatally defective in not alleging that the parents of deceased, who are alleged to be his only heirs at law, were "dependent parents." This objection does not appear to have been made in the trial court. We are of the opinion that such an objection should not be considered on such an application as the one made to the trial court, and probably the same is true as to the objection based on the statute of limitations, which we have already considered on its merits. The usual and orderly way to test the sufficiency of an amended complaint is, in the first instance, by demurrer, after the same has been filed, when the questions presented in regard thereto may be considered and determined, and leave given to the pleader to amend if the pleading be held insufficient and the court deem it proper that the party should have such leave.

In view of what we have said, we are of the opinion that the trial court erred in not granting the application for substitution and leave to file an amended complaint.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Shaw, J., and Sloss, J., concurred.