[Civ. No. 7647. Second Appellate District, Division One.—May 4, 1933.]

ETHEL M. EWENS, as Administratrix, etc., Respondent, v. J. NEWMAN et al., Appellants.

B. P. Gibbs and M. Tellefson for Appellants.

George L. Greer for Respondent.

HENDERSON, J., *pro tem.*—The defendants Newman and Saavedra appeal from a judgment for $12,500, entered against them on the verdict of a jury as damages for the wrongful death of Git Wong, the father of three minor children, as the result of injuries sustained by him as a passenger in an automobile hired from the defendant Newman, and negligently operated by his employee, the defendant Saavedra. This action was brought by the respondent, in her representative capacity, for the benefit of the three minor children, pursuant to the provisions of section 377 of the Code of Civil Procedure.

It is urged that the evidence shows no negligence on the part of defendants proximately causing the accident, and that, on the contrary, the testimony clearly shows that it was a case of unavoidable accident. Briefly stated, the testimony, which was conflicting, showed the following facts most favorable to plaintiffs: The accident occurred at the intersection of Main and Thirty-first Streets in the city of Los Angeles as the result of the collision of an automobile, occupied by decedent and driven by appellant Saavedra in a northerly direction on said Main Street with an automobile driven by defendant Patterson in an easterly direction on said Thirty-first Street. The defendant Patterson, in low gear and at a speed of about five miles an hour, entered and proceeded across the intersection, and when the front portion of his automobile had passed the center line of Main Street it was struck by the automobile operated by defendant Saavedra at a speed of approximately forty miles per hour. Bearing in mind the testimony just summarized, further comment respecting the foregoing objections is obviously unnecessary as a justifiable inference of negligence can readily be drawn therefrom.

We are also called upon to declare that the verdict is contrary to law and necessarily based on speculation and conjecture since neither testimony of decedent's life expectancy nor of the pecuniary loss to which his heirs would be subjected is in the record. However, it was shown that

he was about sixty years of age at the time of his death, and in determining his life expectancy we may take judicial notice of the mortality tables in common use. (*Dickinson* v. *Southern Pac. Co.*, 172 Cal. 727 [158 Pac. 183].) An examination of such a table shows that his life expectancy was 14.10 years (41 Cor. Jur. 216). While the record does not disclose the approximate earnings of the deceased, nor the amount he actually contributed to the support of his family, the testimony, although in some respects conflicting, in this regard shows: That Git Wong was a Chinaman engaged as a clerk, who for several years had maintained a home for his wife and children in the city of Los Angeles. Three weeks before the accident his wife died, and he was making arrangements to take his three children, aged six, eleven and fifteen years, respectively, on a vacation trip to China. He was in good physical condition before the accident and provided for his family the same as any other husband or father would.

The pecuniary loss suffered by a minor child due to the death of its parent must be determined necessarily by the conditions and circumstances surrounding each particular case. It seldom happens that testimony can be produced to show with precise or absolute certainty the amount expended by a parent in the support of his minor child. The pecuniary loss, however, includes a consideration of the loss of comfort and society (*Gilmore* v. *Los Angeles Ry. Corp.*, 211 Cal. 192 [295 Pac. 41]; *Jones* v. *Leonardt,* 10 Cal. App. 284 [101 Pac. 811]), as well as the deprivation of support the deceased was bound to furnish his children. (*Taylor* v. *Albion Lumber Co.*, 176 Cal. 347 [168 Pac. 348, L. R. A. 1918B, 185]; *Fong Lin* v. *Probert,* 50 Cal. App. 339 [195 Pac. 437].) In light of the testimony above reviewed the jury were justified in their conclusion that the minor children of the deceased suffered a substantial pecuniary loss.

The defendants claim that the verdict in favor of the plaintiff in the sum of $12,500 is excessive. Such a contention is not sustained when considered in light of the life expectancy of the deceased and the ages of the minor children. In view of these facts it may not be said that the verdict at first blush suggests passion, prejudice or corruption on the part of the jury, and under these circum-

stances we may not disturb it. (*Olsen* v. *Standard Oil Co.,* 188 Cal. 20 [204 Pac. 393].)

It is further urged that the court erred in its instructions to the jury. Since the record discloses that the questioned instructions were given at appellants' request they cannot complain of them even when erroneous. (*Reinders* v. *Olsen,* 60 Cal. App. 764 [214 Pac. 268].)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.