[Civ. No. 11248. First Appellate District, Division One.—December 31, 1940.]

LOUIS H. DAY, Respondent, v. WESTERN LOAN & BUILDING CO., Appellant.

Charles V. Barfield, John J. Healy, Jr., Charles B. Morris and Emery F. Mitchell for Appellant.

Pierce & Sherwin for Respondent.

PETERS, P. J.—Based upon a jury verdict, plaintiff secured judgment for $10,000 against defendants James E. McWilliams, H. W. Rickman, and Western Loan & Building Co., for injuries received in an automobile accident. From this judgment defendant Western Loan & Building Co. alone appeals. Appellant contends that the trial court erred in permitting respondent to amend his complaint by naming appellant as a party after the statute of limitations had run, and that, in any event, the second amended complaint first joining it as a party stated a new cause of action from that stated against it in the earlier complaints.

The accident upon which this action is predicated occurred on January 9, 1937. The complaint was filed on March 22, 1937. It named "James E. McWilliams, First Doe, Second Doe, Third Doe, and Black and White Company" as defendants, charged that McWilliams was driving the automobile, and that the accident occurred as a result of his negligence. In addition, the complaint contained the following two paragraphs:

### "II.

"That the plaintiff is informed and on information and belief states that the defendant, James E. McWilliams, was the owner of and was at the time plaintiff sustained the injuries complained of actually operating the automobile which struck plaintiff.

### "III.

"That plaintiff has joined the other defendants above named for the reason that he does not know their true names and if it so develops that they or any of them and not James E. McWilliams was the owner of said automobile and controlled same at the time said injuries were sustained that plaintiff may when the true names of said defendants be ascertained insert said true names in his Complaint with apt and proper words to charge said defendants."

On January 7, 1938, just before the statute of limitations would have run (sec. 340, subd. 3, of the Code of Civil Procedure), an amended complaint was filed, adding H. W. Rickman to the above-named defendants. This amended complaint joined Rickman as the alleged owner of the car, alleged that he loaned the car to McWilliams, and that at the time

of the accident the latter was operating it with the knowledge and consent of Rickman. This amended complaint contained the following allegation concerning the fictitiously named defendants:

"That plaintiff has joined the other defendants above named for the reason that he does not know their true names and if it so develops that they or any of them and not H. W. RICKMAN was the owner of said automobile and controlled same at the time said injuries were sustained that plaintiff may when the true names of said defendants be ascertained insert said true names in his Complaint with apt and proper words to charge said defendants."

On November 17, 1938, respondent applied for, and was granted, permission to file a second amended complaint. No notice of this motion was given to appellant, it not having, on that date, appeared in the action. The motion was made upon the ground that the amended pleading should be filed in the interests of justice, and was accompanied by affidavits charging that respondent had not sooner discovered appellant's connection with the case because of certain misrepresentations alleged to have been made by appellant's counsel. On December 15, 1938, appellant moved to strike the second amended complaint from the files on the ground that the action as to it was barred by the statute of limitations. This motion was denied. Thereafter the appellant demurred on the ground the action was barred. The demurrer was overruled. The same defense was pleaded in the answer, was urged on motions for nonsuit, directed verdict, and judgment notwithstanding the verdict. On each occasion the point was decided in favor of respondent. Thus, three different judges on five different occasions determined that the second amended complaint was filed in time. On two occasions respondent sought leave to amend the second amended complaint to allege the fraud charged in the affidavits abovementioned in order to plead facts sufficient to toll the statute within the rule of *Kimball* v. *Pacific Gas & Elec. Co.*, 220 Cal. 203 [30 Pac. (2d) 39]. On each occasion the trial court ruled that it would not permit the amendment, inasmuch as it was of the opinion that, independently of such charged fraud, the second amended complaint was not barred by the statute of limitations.

This second amended complaint named McWilliams and Rickman as defendants, continued to name First Doe, Second Doe and Third Doe as fictitiously named defendants, dropped Black and White Company as a fictitiously named defendant, and, in its place, substituted the appellant. This complaint continued to name McWilliams as the driver of the car and Rickman as the owner, and charged that McWilliams was driving with the consent and knowledge of Rickman. The complaint contains these two alllegations:

### "III.

"That plaintiff has joined the defendants FIRST DOE, SECOND DOE, and THIRD DOE for the reason that he does not know their true names and if it develops that they or any of them were the owners of said automobile or controlled same at the time said injuries were sustained, that plaintiff may when the true names of said defendants be ascertained insert said true names in his complaint with apt and proper words to charge said defendants.

### "III–A.

"That plaintiff is informed and believes and therefore alleges that Western Loan & Building Co. is now and at all times herein mentioned was a corporation authorized to do business in the State of California; that at the time of the accident hereinafter mentioned defendant James E. McWilliams was in the employ of said corporation and was acting in the course and scope of his said employment."

As already indicated, it is the theory of appellant that the trial court committed error in allowing respondent to amend its complaint and name it as a party defendant after the statute of limitations had run, and, that in any event, the second amended complaint stated a new and different cause of action against appellant after the statute had run.

The real question presented is whether the John Doe and Black and White Company allegations in the original and amended complaints indicated, with reasonable certainty, that respondent was seeking relief against any employer of McWilliams, whoever he or it might be. If so, the substituting of the name of appellant after the statute of limitations had run, and the insertion of the proper charging allegations, was proper. Section 474 of the Code of Civil Procedure provides:

"When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."

In *Hoffman* v. *Keeton*, 132 Cal. 195 [64 Pac. 264], the plaintiff brought an action against Keeton and John Doe to foreclose a mortgage. Before the commencement of the action Keeton had conveyed an undivided half of the mortgaged premises to Sinsheimer. After the note and mortgage were barred by the statute of limitations, the name of Sinsheimer was substituted for that of John Doe. Sinsheimer pleaded the statute, and appealed. The court stated the rule applicable as follows (p. 196): "The claim that the action was barred by the statute is based on the assumption that the defendant Sinsheimer became a party only at the date of the order substituting his name for that of John Doe; which was more than four years after the note and mortgage became due. But this assumption is incorrect. He was sued by the name of John Doe, and 'was a party to the action from its commencement.' (*Farris* v. *Merritt*, 63 Cal. 118.) There is nothing to show that the plaintiff knew the true name of the fictitious defendant sued; nor can the objection that he might have learned by searching the records be entertained. (*Irving* v. *Carpenter*, 70 Cal. [23] 25, 27 [11 Pac. 391].)"

But appellant urges that the first two complaints charged McWilliams as driver, and Rickman as owner, while the second amended complaint for the first time sought to allege against it a cause of action based on the doctrine of *respondeat superior*. It is urged, therefore, that this second amended complaint states a new and different cause of action from that contained in the earlier complaints. Before directly discussing this question, the general rules concerning the filing of amended pleadings after the statute of limitations has run should be mentioned. ██ It is well-settled that, where the original complaint has been filed within the statutory period, an amended complaint may be filed after the statute has run as long as it does not state a new or different cause of action from that appearing in the original complaint. Stated another way, if the original complaint defectively states a cause of action, it may be amended after the running

of the statute as long as the cause of action stated in the amended pleading can trace its descent from the original pleading.

In the leading case of *Frost* v. *Witter,* 132 Cal. 421 [64 Pac. 705, 84 Am. St. Rep. 537], the original complaint set up a cause of action upon a promissory note. After the statute of limitations had run, the plaintiff was permitted to amend to plead the existence of a mortgage and to request its foreclosure. It was held that this did not change the cause of action. After pointing out that "great liberality" should be used by the courts in allowing amendments, and citing many cases where such liberality had been exercised, the court stated (p. 424) : "And it is obvious that the unqualified way in which the rule is sometimes stated—i. e., that a new or different cause of action cannot be introduced by amendment —cannot be accepted. For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action; and in these, *and often in the case of new parties, a new cause of action is in fact for the first time introduced.* All that can be required, therefore (to use the language of Mr. Pomeroy), is that 'a wholly different cause of action' shall not be introduced; or, as said by the court in *Shields* v. *Barrow, supra;* that 'a complainant [is not] at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment'; or 'to strike out the entire substance and prayer of his bill, and insert a new case by way of amendment'; or, as expressed by this court in an early case, the matter of the amendment must not be 'entirely foreign to the original complaint.' (*Nevada County etc. Canal Co.* v. *Kidd,* 28 Cal. [673] 681.)" (Italics added.) (See, also, *Ruiz* v. *Santa Barbara Gas etc. Co.,* 164 Cal. 188 [128 Pac. 330] ; *Wells* v. *Lloyd IV,* 6 Cal. (2d) 70 [56 Pac. (2d) 517] ; *Meraviglia* v. *Bovee,* 113 Cal. App. 752 [298 Pac. 1040] ; *Woods* v. *Cook,* 14 Cal. App. (2d) 560 [58 Pac. (2d) 965].)

In the instant case, the first amended complaint, filed within the statutory period, alleged a cause of action against McWilliams as the driver of the car, and against Rickman as the owner thereof. But it did not stop there. As against the fictitious defendants, it alleged that plaintiff did not know their true names, but if it so develops that any of the fictitious defendants "was the owner of said automobile *and con-*

*trolled same* at the time said injuries were sustained'' their true names with apt and proper words to charge them be inserted. In other words, the first amended complaint, as well as the original complaint, sought recovery against the driver of the car and those who owned and *controlled* it. The word ''controlled'' clearly implies that respondent was seeking a recovery against any fictitiously named defendant if that defendant was the employer of the driver, and if the latter was acting in the course and scope of his employment at the time the injuries were received by respondent. ■ In order to invoke the doctrine of *respondeat superior* the plaintiff must prove that the employee was under the control of the defendant at the time of the injury. (*Barton* v. *Studebaker Corp. of America,* 46 Cal. App. 707 [189 Pac. 1025]; *Brown* v. *Industrial Acc. Com.,* 174 Cal. 457 [163 Pac. 664]; *Callan* v. *Bull,* 113 Cal. 593 [45 Pac. 1017].) Of course, alleging that the defendant controlled the automobile at the time of the accident is but another way of charging that the defendant controlled the person driving it. We think that the word ''controlled'' sufficiently disclosed the basis of respondent's cause of action so that the trial court acted properly in permitting the amended pleading containing full allegations against appellant to be filed.

The case of *Woods* v. *Cook, supra,* sustains this conclusion. In that case the original complaint charged that plaintiff was injured ''when the defendant Grace, an employee of the defendants George J. Cook and Connie Cook, was driving and operating an autotruck, the property of the said defendants, George J. Cook and Connie Cook'', and operated it so negligently that it injured plaintiff. It will be noted that there is no allegation that the employee was acting in the course of his employment, or that the owners and employers knew he was operating the car or gave him their consent to drive it. The complaint is totally defective in that it cannot be told therefrom whether the plaintiff was seeking to impose upon the Cooks liability predicated upon the doctrine of *respondeat superior* or sought to plead the owner's liability imposed by section 402 of the Vehicle Code. After the statute of limitations had run, the plaintiff was permitted to amend to properly allege a cause of action under the provisions of section 402, *supra,* by inserting allegations that Grace was driving with the consent of the Cooks. Relying

upon *Frost* v. *Witter, supra,* and, after quoting at length from that case, the court held that the amendment was properly allowed, and stated (p. 564) : ''The allowance of amendments to conform to the proof rests in the discretion of the trial court and the utmost liberality is allowed in upholding orders made by the trial court permitting amendments for this purpose. (21 Cal. Jur., p. 209, and cases there cited.) In section 475 of the Code of Civil Procedure it is provided that no judgment shall be reversed by reason of any error unless the party appealing suffers substantial injury. The appellants herein have suffered no injury and have not been misled by the ruling of the court. A reversal of the judgment would result in a miscarriage of justice.'' A similar situation exists in the instant case.

Appellant relies on two cases as supporting its contentions —*Gates* v. *Wendling Nathan Co.,* 27 Cal. App. (2d) 307 [81 Pac. (2d) 173], and *McKnight* v. *Gilzean,* 29 Cal. App. (2d) 218 [84 Pac. (2d) 213]. In the first of these cases, an employee was killed when a load of lumber delivered to his employer slipped off a delivery truck. The original complaint named as defendants the corporation seller of the lumber, the corporation on whose truck it was delivered to decedent's employer, and the two men in charge of the truck. By amendment filed after the one-year statutory period, it was sought to bring in other defendants who were, if at all, independently liable, including a corporation at whose terminal the lumber had been loaded, the manager of the terminal company, the parent corporation of which the terminal company was a subsidiary, and the president of the parent corporation. In the original complaint there were five fictitiously named defendants. The original complaint made no attempt at all to state a cause of action against the fictitiously named defendants, nor did it disclose on what theory it hoped to hold them, simply alleging that their true names were not known to plaintiff, and requesting that when ascertained the true names might be inserted together with proper charging allegations. The appellate court held that a nonsuit was properly granted based on the theory that the completely new cause of action as to the defendants brought in by amendment was barred. The court held that as to these defendants ''no attempt whatever was made to state a cause of action against all or any of them'' until after the statute had

run. This case differs fundamentally from the instant one in that in the Gates case the original complaint did not disclose that plaintiff was seeking any recovery at all against those subsequently named, while in the instant case the original and amended complaints did disclose, defectively it is true, that plaintiff was seeking recovery not only against the driver, but also against all who "owned" and "controlled" the car. The Gates case recognized that under such circumstances the amendment is proper. At page 315 it is stated: "We are not, of course, unmindful of the settled rule that a *bona fide* attempt to state a cause of action against a party, which fails by reason of some imperfection, may be remedied by amendment so that the amended pleading will relate back to the date of the filing of the original defective pleading and avoid the running of the statute of limitations in the *interim* (*Ruiz* v. *Santa Barbara Gas & Elec. Co.,* 164 Cal. 188, 194, 195 [128 Pac. 330] ; *Rauer's Law etc. Co.* v. *Leffingwell,* 11 Cal. App. 494 [105 Pac. 427]), but we have yet to read of a case where the running of the statute has been held to be avoided by filing a complaint wherein a defendant is designated by a fictitious name and the only allegations as to him are that the plaintiff is ignorant of the defendant's true name and, when he knows it, will amend by substituting it, and at that future time make some charge against such defendant."

*McKnight* v. *Gilzean, supra,* the other case relied upon by appellant for a reversal, is equally not in point. In that case, in the original complaint, Gilzean was sued as driver of a car, and his employers were also named as defendants, it being alleged that Gilzean was acting in the scope of his employment in driving the car. In other words, so far as the employers were concerned, the cause of action pleaded in the original complaint was based on the doctrine of *respondeat superior.* After the statute had run, plaintiffs amended by adding a separate cause of action against the employers based on the statutory owner's liability created by section 402 of the Vehicle Code, but retaining the original cause of action based on the doctrine of *respondeat superior.* The appellate court held that the trial court properly sustained a demurrer to the cause of action first pleaded in the amended complaint based on section 402 of the Vehicle Code. The court distinguished *Woods* v. *Cook, supra,* at page 222, on

the ground that in that case the original complaint contained "but one cause of action, imperfectly stated, and the amendment merely added matters necessary to make the original cause of action complete in itself". It pointed out that in the case before it the original complaint was based on the doctrine of *respondeat superior*, while the amended complaint retained that cause of action, but added an entirely new and different one as well. In the instant case a new cause of action is not added by the amended pleading—a defective imperfectly stated cause of action is perfected.

 The only other contention of appellant is that section 474 of the Code of Civil Procedure, *supra*, does not permit the naming of a fictitious defendant in a situation where the plaintiff does not know that anyone other than the named defendant is liable, but joins fictitiously named defendants against the contingency of later discovering that someone else is liable. The leading case advocating such a theory is *Town of Hancock* v. *First National Bank of Oxford*, 93 N. Y. 82, which undoubtedly held that the fictitious defendant statute of New York could not be used for the above purpose. However, as has been pointed out in a note in 22 California Law Review, 685, at page 689, that case was interpreting a New York statute which expressly required the plaintiff, when suing a fictitious defendant, to give a description identifying the person intended to be sued—a requirement which does not exist in this state. While it may be true that there are some limitations on the right conferred by section 474 of the Code of Civil Procedure, certainly it should not be held that when an employer is sued under a fictitious name, even though the plaintiff did not know that in fact any relation of *respondeat superior* existed when he filed the complaint, that when that fact is ascertained the true name may not be inserted. That is obviously one of the purposes of the section. Such matters as the good faith of the plaintiff, and whether amendments to pleadings should be allowed should rest primarily with the trial court.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.

A petition for a rehearing was denied on January 30, 1941, and appellant's petition for a hearing by the Supreme Court was denied on February 27, 1941.