[Civ. No. 20120.   Second Dist., Div. Two.   Apr. 26, 1954.]

KATHERINE BALDWIN KOLODZIEJSKI, Appellant, v. HERMAN HOVER, Respondent.

Aaronson & Shapero for Appellant.

Title & Tannenbaum for Respondent.

McCOMB, J.—From the sustaining without leave to amend of defendant Herman Hover's demurrer to the first amended complaint, plaintiff appeals.

## Chronology

### i.

January 30, 1953, plaintiff filed a complaint against Hotels El Rancho, Inc., and a number of John Does, alleging a cause of action for personal injuries resulting from the alleged negligence of defendant. The alleged negligent acts were stated to have occurred on February 2, 1952. Defendant Herman Hover was not named as a defendant.

### ii.

April 2, 1953, plaintiff filed her first amended complaint in which she named Herman Hover as a defendant.

### iii.

May 14, 1953, defendant Hover filed a demurrer to the first amended complaint on the ground that any alleged cause of action against him was barred by subdivision 3 of section 340 of the Code of Civil Procedure in that the action had not been filed against said defendant within one year from the date the alleged negligent acts had taken place.

### iv.

May 21, 1953, defendant's demurrer was sustained without leave to amend.

### v.

June 8, 1953, an order was made denying plaintiff's motion to file a second amended complaint.

*Questions*: First: *Did the trial court err in sustaining without leave to amend the demurrer to plaintiff's first amended complaint on the ground that the statute of limitations barred the alleged cause of action set forth therein?*

*No.* ▊ In plaintiff's original complaint defendant Hover was not named as a defendant. Neither was there any attempt made in such complaint to state a cause of action

against any of the John Does named therein. Therefore when the first amended complaint was filed on April 2, 1953, more than one year had elapsed from the date of the alleged wrongful acts on February 2, 1952, with the result that section 340, subdivision 3 of the Code of Civil Procedure constituted a bar to any cause of action against defendant Hover.

The rule is established in California that where a defendant is designated only by a fictitious name in an original complaint and no attempt is made therein to state any cause of action against such fictitious defendant, if more than one year after the injury an attempt is made in an amended complaint to state a cause of action against such fictitious defendant, the statute of limitations is computed from the date of the alleged acts to the date of the filing of the amended complaint and not to the date of the filing of the original complaint. (*Gates* v. *Wendling Nathan Co.*, 27 Cal.App.2d 307, 314 ■ et seq. [81 P.2d 173].)

The statement in *Gates* v. *Wendling Nathan Co., supra,* at page 315 is here apropos: "We are not, of course, unmindful of the settled rule that a *bona fide* attempt to state a cause of action against a party, which fails by reason of some imperfection, may be remedied by amendment so that the amended pleading will relate back to the date of the filing of the original defective pleading and avoid the running of the statute of limitations in the *interim* (*Ruiz* v. *Santa Barbara Gas & Elec. Co.*, 164 Cal. 188, 194, 195 [128 P. 330]; *Rauer's Law etc. Co.* v. *Leffingwell*, 11 Cal.App. 494 [105 P. 427]), but we have yet to read of a case where the running of the statute has been held to be avoided by filing a complaint wherein a defendant is designated by a fictitious name and the only allegations as to him are that the plaintiff is ignorant of the defendant's true name and, when he knows it, will amend by substituting it, and at that future time make some charge against such defendant. Yet that seems to us precisely what appellants, as to these four defendants, have attempted here. If procedure of that description can be tolerated, all statutes of limitation might as well be at once and forever repealed."

*Day* v. *Western Loan & Bldg. Co.*, 42 Cal.App.2d 226 [108 P.2d 702], relied on by plaintiff, is clearly distinguishable from the Gates case. In the Day case actual charging allegations were contained in the original complaint against the fictitious defendants. Such was not true in the case at bar.

The distinction between the Day case and the present case is clearly indicated by the court, wherein it is said by Mr. Presiding Justice Peters at page 234, "This case [*Gates* v. *Wendling Nathan Co.*] differs fundamentally from the instant one in that in the Gates case the original complaint did not disclose that plaintiff was seeking any recovery at all against those subsequently named, while in the instant case the original and amended complaint did disclose, defectively it is true, that plaintiff was seeking recovery not only against the driver, but also against all who 'owned' and 'controlled' the car. The Gates case recognized that under such circumstances the amendment is proper."

Second: *Did the trial court err in denying plaintiff's application to file a second amended complaint?*

This question is not properly before this court for the reason that plaintiff has not appealed from the order of June 8, 1953, whereby plaintiff was denied the right to file a second amended complaint. The sole appeal is from the judgment sustaining the demurrer to the first amended complaint without leave to amend.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied May 11, 1954, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1954. Carter, J., was of the opinion that the petition should be granted.