[L. A. No. 6787. In Bank.—December 9, 1921.]

## LEWIS M. OBERKOTTER, Appellant, v. CLAUDE WOOLMAN, Respondent.

[1] APPEAL—NOTICE—DATE OF ENTRY OF JUDGMENT—INCORRECT RE-CITAL.—An appeal from a judgment of dismissal after the sustaining of a demurrer to the complaint without leave to amend is not open to the objection that the appeal was taken from the order sustaining the demurrer, and not from the judgment, because the notice incorrectly recited the date of the entry of the judgment as being the date on which the demurrer was sustained, where but one judgment was entered and the notice gave the correct book, page, and date of entry thereof.

[2] SLANDER—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action for slander the complaint states a cause of action where it alleges that plaintiff is a skilled teacher, that defendant stated to a newspaper reporter, knowing and intending that the statement would be given further circulation through the public press, that plaintiff was to be dropped from the staff of city school-teachers for the reason that the city superintendent considered his position as it existed "a weak spot in the public school system of instruction," that such statement was false, malicious, and unprivileged, and

2. Sufficiency of complaint in action for slander as to averments of publication, note, Ann. Cas. 1918B, 504.

that the defendant thereby publicly accused plaintiff of being unfit and incompetent to be employed in his profession.

[3] ID.—DEFINITION OF OFFENSE.—Slander is a false and unprivileged publication, other than libel, which tends to directly injure one in respect to his office, reputation or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profit, or which by natural consequence causes actual damage.

[4] ID.—GENERAL AND SPECIAL DAMAGES—PLEADING.—In an action for slander a sufficient allegation of general and special damages is made by the averment that the false, malicious, and unprivileged publication by the defendant exposed plaintiff to hatred, contempt, ridicule, and obloquy, and was made by the defendant to so expose him, and that by reason of the slander plaintiff has suffered great mental anguish, and has been, and is, and from henceforth will be greatly injured and prejudiced in his reputation as a school-teacher, and has lost and will continue to lose and be deprived of great gains and profits which would otherwise have accrued to him in his calling, occupation and profession.

[5] ID.—AMENDMENT OF COMPLAINT — STATUTE OF LIMITATIONS.—An action for slander is not barred by section 340 of the Code of Civil Procedure by reason of the amendment of the complaint after the expiration of the period provided by such section, where the original complaint was filed within time, and the only difference in the two statements of the cause of action was that in the original complaint it was asserted that defendant knowing and intending that the words would be published in a newspaper communicated them to a reporter, and they were so published, the article, quoting the words being given in full, while the amended complaint alleged that the false and unprivileged communication was made to the same party, the defendant knowing and intending that it would be given further circulation through the public press, the exact words being set out.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, E. A. Luce and C. N. Andrews, Judges. Reversed.

The facts are stated in the opinion of the court.

Wynne S. Staley and Marcus W. Robbins for Appellant.

Stephen Connell and Richard M. Kew for Respondent.

4. Right to recover damages for mental or physical suffering in actions for libel and slander, note, Ann. Cas. 1914C, 291.

WASTE, J.—The plaintiff brought this action to recover damages from the defendant for alleged slander. The demurrer to the second amended complaint was sustained without leave to amend. Judgment dismissing the action followed, from which judgment this appeal was taken.

[1] The respondent makes a preliminary objection and seeks a dismissal of the appeal upon the ground that it was taken from the order sustaining the demurrer, which is not appealable. The notice of appeal states that the plaintiff appeals from the judgment rendered on the twenty-seventh day of September, 1920. While the court sustained the demurrer on that date, the judgment of dismissal was not made until September 29th. It is this discrepancy upon which the respondent relies. Since it clearly appears that but one judgment was entered in the case, the defect is one which would not invalidate the appeal were there no further reference to the judgment (*Wilson* v. *Union Iron Works Drydock Co.*, 167 Cal. 539–541, [140 Pac. 250]), but the notice of appeal gives the correct book, page, and date of the entry in the judgment records of the court. There is no merit in the objection.

[2] The demurrer, which interposed the general ground of want of sufficient facts and the bar of the statute of limitations, should have been overruled. It is alleged in the complaint that the plaintiff was, and is, a teacher in colleges, academies, and graded schools, having the requisite skill and qualifications proper and necessary for the practice of his profession. He had always conducted himself with diligence, industry, and propriety, and had acquired and was acquiring gain and profits from the pursuit of his calling. At the time of the alleged slander he was the principal of one of the public schools of the city of San Diego. The defendant, who is alleged to have great influence by reason of his wealth, standing, and an official position, the exact nature of which is not clearly stated, intending to bring the plaintiff into public contempt, infamy, and disgrace among his neighbors and citizens generally, particularly all persons interested in the cause of public education in San Diego and other portions of the United States, and to cause it to be believed that the plaintiff was a person of bad character, and unfit and unqualified to be employed in his calling, business, and profession, and to cause the plaintiff

to be deposed, and lose his employment, and to be deprived
of his livelihood, and to prevent plaintiff from being em-
ployed as teacher, said and uttered to a reporter of a news-
paper published in San Diego certain slanderous, unprivi-
leged, and uncalled-for statements, knowing and intending
that the same would be given further circulation through
the public press of San Diego and elsewhere. The state-
ment was as follows:

"We are going to drop at least three principals and one
department head of the high school from the staff of city
school-teachers at the close of the current school year.
These are Williams D. Edwards, principal of the Brooklyn;
Archibald M. Fosdick, principal of the Florence, and Lewis
M. Oberkotter, principal of the Grant, and W. S. Staley,
in charge of the Commercial department of the high school.
These changes have been recommended to the school board by
principal Guy V. Whaley for the reason that he considers
these positions as they exist, weak spots in the public school
system of instruction."

It is further alleged in the complaint that the charges and
words uttered by the defendant were false, malicious, and
unprivileged, so far as this plaintiff is concerned, and that
the defendant thereby publicly accused the plaintiff of being
unfit and incompetent to be employed in his profession as
teacher, and intended to and did assert that he was not a
fit and proper person to teach in the public schools of San
Diego, or elsewhere. Thus construed, the complaint states
a cause of action. (*Ingraham* v. *Lyon*, 105 Cal. 254–257,
[38 Pac. 892]; *Schomberg* v. *Walker*, 132 Cal. 224–227,
[64 Pac. 290]; *Frolich* v. *McKiernan*, 84 Cal. 177, 180,
[24 Pac. 114].) [3] Slander, under our law, as applied
to the facts of this case, is a false and unprivileged publica-
tion, other than libel, which tends to directly injure one
in respect to his office, profession, or business, either by im-
puting to him general disqualification in those respects which
the office or other occupation peculiarly requires, or by im-
puting something with reference to his office, profession,
trade, or business that has a natural tendency to lessen its
profit, or which by natural consequence causes actual dam-
age. (Civ. Code, sec. 46, subds. 3 and 5.) Tested by this
provision of the law, we think the accusation of the defend-
ant that the plaintiff was about to be dropped from the staff

of city school-teachers of the city of San Diego for the reason that the city superintendent considered him a "weak spot in the public school system of instruction," tended naturally, necessarily, and proximately to produce one, at least, of the results mentioned in section 46 of the code, in that it imputed to plaintiff "a general disqualification" in those respects which the profession of teaching peculiarly requires. (*Swan* v. *Thompson,* 124 Cal. 193, 199, [56 Pac. 878]; *Tonini* v. *Cevasco,* 114 Cal. 266, 273, [46 Pac. 103]; *Bettner* v. *Holt,* 70 Cal. 270, 275, [11 Pac. 713].)

[4] The plaintiff also alleges that he has suffered actual damages. He avers that the false, malicious, and unprivileged publication by the defendant exposed him to hatred, contempt, ridicule, and obloquy, and were made by the defendant to so expose him, and that by reason of the slander he, the plaintiff, has suffered great mental anguish and has been, and is, and from henceforth will be, greatly injured and prejudiced in his reputation as a school-teacher, and has lost, and will continue to lose and be deprived of, great gains and profits which would otherwise have accrued to him in his calling, occupation, and profession, to his damage in the sum of fifty-five thousand dollars. The prayer of the complaint is for actual damages in that amount and for punitive recovery as well. Here was a sufficient allegation of general and special damages which, if proved, would entitle the plaintiff to recover. (*Turner* v. *Hearst,* 115 Cal. 394, 399, [47 Pac. 129].) It requires no argument to show that the complaint, read as a whole, constitutes a cause of action. (*Waite* v. *San Fernando Pub. Co.,* 178 Cal. 303, 306, [173 Pac. 591].)

[5] The respondent contends that the plaintiff's original complaint is one for libel; that the second amended complaint, filed more than one year after the making of the statement by the defendant, sets up a new cause of action, to wit, slander, which is barred by section 340 of the Code of Civil Procedure, which provides that an action for slander must be commenced within one year after the alleged utterance. There is nothing in the contention. The only difference in the two statements of the cause of action lies in the fact that in the original complaint it is asserted that the defendant, knowing and intending that the false and malicious words would be published in a certain newspaper, communicated them to a reporter of that paper, and they

were so published, the article quoting the words of the defendant being given in full, while in the second amended complaint it is alleged that the false and unprivileged communication· was made to the same party, the defendant knowing and intending that it would be given further circulation through the public press, the exact words of the defendant being set out. As finally amended the complaint did not materially, or at all, change the cause of action. (*Frost* v. *Witter,* 132 Cal. 421, 425, [84 Am. St. Rep. 53, 64 Pac. 705].)   It has at all times been one based on slander. (Civ. Code, sec. 46.)

For the foregoing reasons the demurrer to the second amended complaint should have been overruled.

The judgment is reversed, and the cause is remanded to the lower court with instructions to overrule the demurrer to the second amended complaint, with a reasonable time accorded to the defendant within which to answer.

Shaw, C. J., Lennon, J., Richards, J., *pro tem.,* Sloane, J., Wilbur, J., and Shurtleff, J., concurred.