[Civ. No. 6454. Second Appellate District, Division One.—March 10, 1931.]

TOUFIEK R. HANNA et al., Appellants, v. ROSE FINE HIRSCHHORN et al., Respondents.

Tanner, Odell & Taft for Appellants.

Lloyd W. Moultrie and Newlin & Ashburn for Respondents.

HOUSER, J.—In substance, the facts necessary to a decision in the pending appeal are that by the terms of a contract entered into between plaintiffs on the one side and defendants on the other, defendants agreed to sell to plaintiffs, and plaintiffs agreed to buy from defendants, certain real and personal property at a fixed price, to be paid partly in cash and the remainder of the purchase price by a mortgage on, or a trust deed to, the property, to be executed by plaintiffs in favor of defendants on or before a specified date. In part performance of the provisions of the contract, plaintiffs paid to defendants the sum of $3,500 in cash. About one month after the date specified in the contract for the consummation of the transaction had expired, plaintiffs offered to an attorney, who throughout the negotiations between the parties had represented defendants, to fully perform the conditions as expressed in said contract that were to be performed by plaintiffs, which offer was by said attorney on behalf of defendants refused. Whereupon plaintiffs commenced an action for damages, which resulted in the rendition of a judgment in favor of defendants, and from which judgment the appeal herein is presented.

In the complaint, among other things, plaintiffs pleaded performance and "that the time for performance was extended, . . . "

Although by the appeal herein several different legal questions are submitted by the respective parties to this court for determination, it is thought that but one of them requires consideration. It has to do with the question of whether on the trial of the action plaintiffs should have been permitted to amend their complaint by alleging the existence of facts which, if satisfactorily established, might have constituted a waiver by defendants of the provision in the contract by which it was to be performed on or before a certain date specified therein. The situation which by the trial court was acted upon adversely to the interest of plaintiffs is presented in the following *résumé* (found in appellants' brief herein) of the several declarations by

respective counsel at the time when plaintiffs sought from, but were refused by, the trial court permission to amend their complaint in the action then on trial, to wit:

"Time is not made the essence of the contract between the plaintiffs and defendants and no demand for performance on the part of the defendants was made at any time, and these conversations. and actions of the defendants are competent to show that they did not claim any breach of the contract, but waived performance on the days and dates when performance should be made. If the court thinks that the pleadings should be amended to allow evidence of such waiver, then I ask leave to amend the complaint so as to set forth the facts constituing waiver."

 Ordinarily, it would appear to be a well-settled rule of pleading that where a cause of action depends upon proof of waiver it must be specially pleaded (25 Cal. Jur. 931, and authorities there cited) ; and abstractly, the principle of legal procedure is equally well established that in the matter of permitting amendments to be made to pleadings, although great liberality should be shown by the trial court, a refusal of permission so to do will be disturbed on appeal only when it is apparent that an abuse of discretion has occurred. (21 Cal. Jur. 183 et seq.) However, in furtherance of justice, where it appears that a proposed amendment will not radically change the issues originally presented in the action and will neither work great delay nor prejudice rights of the adverse party to the action, as has been judicially declared, it is clear that "it can very rarely happen that a court would be justified in refusing a party leave to amend his pleading so that he may properly present his case." (*Crosby* v. *Clark*, 13 Cal. 1, 8 [63 Pac. 1022, 1024], and cases there cited.)

 From the fact that by the allegations contained in plaintiffs' complaint it was alleged that performance was not due as of the date specified in the agreement, but "that the time for performance was extended," and that as extended, the plaintiffs had offered performance which had been denied or refused by defendants—it was, or at least should have been, made manifest to defendants that plaintiffs relied upon either an express or an implied extension by defendants of time within which to comply with the terms of the contract. However, it is plain that a waiver

of exact time of performance might not be the equivalent of an extension of time, since at least the former might be for a definite period and the latter might be indefinite in that regard. But in the circumstances of either situation, defendants were placed on notice that, by reason of some unspecified acts or declarations of defendants, plaintiffs asserted a right to perform the conditions provided for by the contract at a date subsequent to that specified therein as a limit for such performance; and from their denials set forth in their answer, defendants were presumed to be ready to rebut such evidence as might be adduced by plaintiffs in support of their allegations.

In matters of the character of that here under consideration, the discretion with which the trial court is vested is to be guided by fixed principles of law. (*Wixon* v. *Devine*, 91 Cal. 477 [27 Pac. 777].) Nor may such court arbitrarily deny an application to amend a pleading. In the case of *Norton* v. *Bassett*, 158 Cal. 425, 427 [111 Pac. 253, 254], it is said that, "speaking generally, it may be said that the test as to whether or not the court has abused its discretion, will depend upon whether the amendment is a permissible amendment which will perfect a cause of action otherwise imperfectly pleaded."

In the instant case, the alleged cause of action depended upon a breach of contract upon the part of defendants which arose from their refusal to permit plaintiffs to perform the conditions upon them made incumbent by the terms of the agreement of the parties. Without reference to other questions either of fact or of law in the case, the liability of defendants for such alleged breach of contract was contingent upon whether such tendered performance by plaintiffs had been made within a time either expressly or impliedly agreed upon by the parties. Among the several ways of producing an extension of the time limit for the performance of conditions by plaintiffs as fixed by the original agreement, may well have been an express or an implied waiver of such time limit by defendants. As a matter of pleading of the cause of action, it is clear that if waiver of such time limit by defendants was relied upon, proper allegations of fact from which such a waiver would have resulted would have been most appropriate. However, since it is apparent that the cause of action may have

been "imperfectly pleaded" (*Norton* v. *Bassett*, 158 Cal. 425, 427 [111 Pac. 253]); that by the proposed amendment the issues in the action as originally presented would not have been radically or at all changed; that defendants could not have been taken by surprise by the proposed amendment; that if permitted, it would have worked no delay; that by permitting such amendment, no rights of defendants would have been jeopardized; but, to the contrary, that it would have been in furtherance of justice—it follows that in refusing leave to plaintiffs to amend their complaint as requested, prejudicial error was committed by the trial court.

It is ordered that the judgment be and it is reversed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal, on April 7, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1931.