[Civ. No. 3676. Fourth Dist. Aug. 26, 1947.]

H. H. PETERSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MELVIN BARCKLEY, Respondents.

354

Luce, Forward, Lee & Kunzel and Don P. Fogarty for Petitioner.

R. C. McKellips and E. C. Connolly for Respondents.

BARNARD, P. J.—This is a proceeding to review an award of the Industrial Accident Commission, awarding additional compensation on account of serious and willful misconduct on the part of the employer.

The applicant, Melvin Barckley, was injured on January 13, 1941, when one wall of a hole or trench in which he was working caved in and pinned him against the opposite wall. He was paid compensation until September 22, 1941, when a dispute arose as to whether he had entirely recovered. On October 30, 1941, he filed an application for an adjustment of his claim with the respondent commission, stating that he "sustained injury . . . as follows: the excavation in which applicant was working caved in due to the fact that the walls of the excavation were not properly shored up." He further stated in the application that the reason for filing the claim was that a question had arisen as to whether "the applicant has recovered and is now able to resume work and does not suffer from any permanent disability."

At the hearing on December 4, 1941, the referee reviewed the admitted facts and stated the sole issue as "nature, extent and duration of disability." Counsel for all parties then agreed that the facts and issues were thus correctly stated. The referee then asked the applicant questions relating to the nature of his injury and his present condition. Counsel for the applicant, after asking similar questions, started to ask questions relating to the size and depth of the hole in which

the injury occurred. When he asked whether the dirt thrown up to the top of the hole was allowed to remain at the edge, the referee asked "What is the materiality of this?" Counsel replied: "Just a suggestion about this matter of shoring up." The referee then said: "That is not in issue. If you want to raise the issue, you will have to do it." Counsel replied: "Yes, I think we probably should raise that." The referee then said: "Additional Issue: Was injury proximately caused by serious and willful misconduct of the employer?" The referee then stated that the case would be continued, to be reset on notice, and after a short discussion about having the applicant examined by medical experts and as to what medical evidence would be available the referee said to applicant's counsel "Will you file a supplemental application setting forth the basis on which you are claiming serious and willful misconduct, the violation of the particular Safety Orders. We require that now, so the employer will be put on notice," with a further statement as to the reasons for this. Counsel for applicant replied that he would do so.

The matter was continued several times and finally ordered off calendar in 1942. On February 27, 1946, the applicant, through a different attorney, asked to have the matter put back on the calendar. On March 21, 1946, it was set and noticed for April 29, 1946. On April 23, 1946, the applicant filed notice that he had discharged both his first and second attorneys and that he then had no attorney. A different referee filed a report as to the hearing on April 29, 1946. After referring to the fact that no amended application had been filed as suggested by the referee at the original hearing in 1941, he stated that at this hearing he had suggested to the applicant "that he should have this filed and that he get an attorney to represent him as long as he insists on going ahead with the issue of serious and willful misconduct."

On May 7, 1946, a notice was given that a further hearing would be had on July 19, 1946. On July 3, 1946, a notice was given that a further hearing "on serious & willful misconduct" would be had on July 19, 1946. At the beginning of the hearing on July 19, 1946, an order was made "vacating application No. L A 85-297, and the application will be considered as an amended application in the present pending application No. L A 56-457," and an additional issue, "statute of limitations," was stated. A further hearing was then had on all issues, including serious and willful misconduct. The referee

found that the employer was guilty of serious and willful misconduct in that he did not adequately brace the trenches as required by three designated safety orders. Two separate "findings and award" were made and entered. In one, denominated "(Normal issues)," the applicant was awarded $4,467.02 for partial permanent disability. In the other, designated "(Serious and Willful misconduct)," the applicant was awarded an increased benefit in the sum of $2,333.51. The latter award only is here attacked.

The petitioner contends that in making this award the commission acted in excess of its jurisdiction in that the issue of serious and willful misconduct was not raised within the time required by section 5407 of the Labor Code, which requires that such a proceeding may be commenced within 12 months from the date of injury, and that said period shall not be extended by the filing of an application for compensation under other provisions of the act.

The respondents contend that it was not necessary to file a separate written application to recover additional compensation because of willful misconduct; that only one proceeding is contemplated by the act; that a claim for such additional compensation is sufficiently raised if such a cause of action can be ascertained from the general facts as to the cause of the injury; that the original application here alleged a claim for compensation which involved an injury caused by improper shoring of an excavation; that the employee thus commenced the proceeding to recover both normal compensation and additional compensation, because of willful misconduct, by filing his original application; that there is no statutory requirement that such issues be specifically alleged or pleaded separately; and that the original application here was sufficient to raise the issue of willful misconduct if nothing else had been done.

The respondent commission further contends that under its rule-making power it had adopted a rule providing that "Where new issues are raised at a hearing and formally stated in the record the application or answer, as the case may be, shall be deemed amended to conform to such subsequent statement of issues and proof thereon"; that the misconduct matter was raised as an issue and formally stated in the record at the hearing on December 4, 1941; that this eliminated the necessity of filing any amended application since the original application was deemed amended, as of that date, to include

the issue of willful misconduct; and that the amended application filed in 1946 related back to the date the original application was filed, bringing it within 12 months of the date of the injury.

With respect to the first of these contentions, the pertinent statutes of the Labor Code seem to require some definite step, in the way of allegation or pleading, to raise the issue of compensation for misconduct under section 4553, in addition to what is required for raising the issue of ordinary compensation. Section 5405 provides that proceedings to collect ordinary benefits may be commenced within six months from the date of injury. Section 5407 provides that proceedings to collect extra compensation for willful misconduct may be commenced within 12 months from the date of injury, and that this period shall not be extended by filing an application for benefits under other provisions of the act. Section 5410 allows a still longer period for instituting proceedings for the collection of benefits covering new and further disabilities arising from the original injury, but again provides that this shall not extend the limitation with respect to willful misconduct provided by section 5407. While a claim for both sorts of benefits may well be included in a single application, the language of section 5407 indicates an intention that some definite step, other and different from the filing of a general application, must be taken to raise an issue of willful misconduct, and that an application setting up only the ordinary issues shall not be sufficient for that purpose. The respondents contend that sections 4553 and 5407 contain no provisions as to how such a proceeding for the raising of such an issue shall be commenced, whereas sections 5500 and 5501 provide for the application on the ordinary issue. The latter sections are contained in a chapter devoted to pleading and it is nowhere stated therein that they relate only to applications on the ordinary issues. Section 5500 states that the application shall be in writing and shall state the general nature of the controversy concerning compensation, or any right or liability arising out of or incidental thereto. This would seem to have been intended to apply to both of these kinds of issue. In any event the original application here merely set forth as the cause of the injury that a cave-in resulted because the walls of the excavation were not properly shored up. It also stated the only question presented as being whether or not the applicant had entirely recovered or had suffered permanent disabil-

ity. That this was the only issue raised, was recognized by the referee at the first hearing and concurred in by all parties. In our opinion, the application as originally filed was not sufficient to raise the willful misconduct issue.

The further contention is that subsequent happenings, in two respects, sufficiently raised this issue within 12 months of the date of injury. In this regard it is first contended that under the rule adopted by the commission the issue of willful misconduct was raised and stated at the hearing on December 4, 1941, and may therefore be deemed to be an amendment to the application as of that date, raising that issue. While this rule may be effective with respect to the normal issues which may be incidental to and within the scope of the original application for ordinary benefits, it may well be questioned whether any such rule can be used as a basis for, or be substituted for the requirement that one be commenced, a proceeding for the special purpose named in section 5407. If it be assumed that this rule could be effective for such a purpose under some circumstances, it would at least be necessary that the issue be clearly and definitely raised, that it should be understood by all concerned that the rule was being applied, and that the commission should then act in accordance with it, and in reliance upon it.

The respondents argue in their brief that at the hearing on December 4, 1941, the applicant claimed that his injury "was proximately caused by the serious and willful misconduct of his employer, in that the petitioner herein had failed to comply with the Safety Orders of the Commission relating to the shoring of trenches and excavations," and that the issue thus raised was formally stated by the referee. We cannot find in the record that anything was said at that time about this petitioner having failed to comply with any safety orders, whether relating to the shoring of trenches and excavations or otherwise. The grounds or "general nature" of the claim that there had been willful misconduct were not stated orally, nor does it clearly appear that the issue of willful misconduct was intended to be definitely raised at that time. When asked as to the materiality of a question which could relate to the general issue, the applicant's attorney replied that it was just a suggestion about the matter of shoring up. The referee, apparently thinking of the issue of willful misconduct, although it had not been mentioned, stated that it was not in issue and that if the attorney wanted to raise that issue he would have

to do so. The attorney, instead of saying he was raising that issue or attempting to do so, replied: "Yes, I think we probably should raise that." The referee then said: "Additional issue: Was injury caused by the serious and willful misconduct of the employer." That this was merely a statement of the issue that he thought should be raised if the attorney so desired, and was not "deemed" as an amendment, is indicated by what was then done. Immediately thereafter the referee continued the case, to be reset on notice, and asked the attorney if he would file a supplemental application setting forth the basis on which he was claiming serious and willful misconduct, including a statement of the particular safety orders which he might claim had been violated and which had in no way been mentioned, and stating that such a supplemental application was required so the employer would be put on notice. It clearly appears that neither the referee nor the parties "deemed" what had occurred as constituting an amended or supplemental application raising the new issue, that they did not so consider it or act upon it, and that they proceeded on the assumption that something further would be done if it was desired to raise that issue.

Nothing further was done with respect to this new issue until July, 1946. Again, the referee did not "deem" that the original application had been amended in December, 1941, to raise the issue of willful misconduct but he then ordered the application raising this issue, which had been filed in response to his further suggestion made on April 29, 1946, vacated and ordered that it be considered as an amendment to the original application. This was the first time the original application was actually deemed to have been amended, raising the issue of willful misconduct, and this was because of the new application filed in 1946.

The hearing leading to the award here in question was then held, based on the new application thus deemed to be an amendment to the original application, on the theory that it related back to the date of filing the original application. While there is, and should be, great liberality in the matter of amendments this amendment in 1946, bringing in a new and different issue which must be separately "commenced," could not relate back and be effective as of a date in 1941, in the face of the clear provisions of section 5407 of the Labor Code. While considerable informality in proceedings before the commission is permitted, and properly so, the meaning and

effect of these statutory provisions cannot be entirely set aside, and some attempt must be made to comply with them and to raise issues in the manner and within the time there provided. We conclude that the respondent commission exceeded its jurisdiction in making the particular award which is here in question.

The award is annulled.

Griffin, J., concurred.