[L. A. No. 23976. In Bank. May 18, 1956.]

CESAR LAMBRETON, Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION et al., Respondents.

Alexander Ruiz for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Daniels, Elson & Mathews, Silverberg & Fahrney and Milton H. Silverberg for Respondents.

SCHAUER, J.—Petitioner seeks annulment of an order of respondent Industrial Accident Commission dismissing his claim for the increased compensation provided by section 4553 of the Labor Code in case of serious and wilful misconduct of the employer. The dismissal was based upon the ground that the claim was barred by the limitations provisions of section 5407 of the same code. We have concluded that the claim was properly dismissed, and that the order should be affirmed.

Section 5407 provides that "The period within which may be commenced proceedings for the collection of compensation on the ground of serious and wilful misconduct of the employer, under provisions of section 4553, is as follows:

"(a) Twelve months from the date of injury. This period shall not be extended by . . . the filing of application for compensation benefits under other provisions of this division."

Petitioner was injured on June 10, 1953. On July 13, 1953, he filed through his attorney an application for compensation benefits on a printed form furnished by the commission and entitled "Application for Adjustment of Claim." After the printed words alleging that petitioner "sustained injury arising out of and in the course of the employment, as follows:" the following was filled in: "Punch press broke so that it punched twice in rapid succession," resulting in injury to petitioner's right hand. The line starting with the printed words "The reason for filing this claim is:" was filled in: "Partial disability of claimant. Claimant alleges that employer was grossly negligent in maintenance of the press."

The commission gave the parties notice of hearing for September 21, 1953, which stated no issue of serious and wilful misconduct of the employer, but by stipulation of the parties the matter was taken off calendar to be reset at the request of either party. On October 22, 1954, petitioner filed a substitution of attorneys. On December 17, 1954, the new attorney filed on petitioner's behalf a document entitled "AMENDMENT (By Interlineation)" in which it was stated that in place of the allegation that "Claimant alleges that employer was grossly negligent in maintenance of the press, . . . claimant alleges as follows:" That on the date of injury, June 10, 1953, the employer "Bowers Mfg. Company operated and maintained a certain punch press in its place

of manufacturing in violation of section 3601 (b) Title 8, of the California Administration Code, in that all points of operation guards were not properly set up, adjusted or maintained in safe and efficient working order,'' and that petitioner was injured as ''a proximate result of said serious and wilful misconduct.'' It was prayed that in addition to the normal award the employer ''be assessed extraordinary damages for serious and wilful misconduct.''

The matter came on for hearing in January, 1955, and the parties appeared, but upon stipulation it was continued to a later date upon all issues. By letter the employer raised the issue of the statute of limitations as to the misconduct issue, pointing out that more than 12 months from the date of injury had elapsed before the employe commenced proceedings to collect compensation for the special liability which is provided for in cases where an employer has been guilty of serious and wilful misconduct. The commission agreed with the employer and on March 4, 1955, the proceeding for benefits based on the asserted misconduct was ordered dismissed.

As ground for annulment of the commission's order petitioner contends that his first application for benefits, filed July 13, 1953, sufficiently presented the misconduct issue to constitute the commencement of proceedings for the collection of additional compensation by reason thereof, while the employer and the commission urge that the issue was first raised with the filing of the so-called amendment on December 17, 1954, and that because such filing occurred more than 12 months from the date of injury the misconduct issue was barred by the limitations statute and the application for benefits based thereon was properly dismissed. (See Lab. Code, § 5407.)

In *Peterson* v. *Industrial Acc. Com.* (1947), 81 Cal.App.2d 352 [183 P.2d 927], the employe, who was injured in January, 1941, and had received compensation until September 22, 1941, filed his first claim in October, 1941, stating that he ''sustained injury . . . as follows: the excavation in which applicant was working caved in due to the fact that the walls of the excavation were not properly shored up,'' and that the reason for filing the claim was that a question had arisen as to whether ''the applicant has recovered and is now able to resume work and does not suffer from any permanent disability.'' At a hearing in December, 1941, the referee

stated the sole issue was "nature, extent and duration of disability," and counsel for all parties agreed. When the employe's counsel sought to elicit evidence concerning the shoring up the referee said, "That is not in issue. If you want to raise the issue, you will have to do it." Counsel replied, "Yes, I think we probably should raise that"; the referee then said, "Additional Issue: Was injury proximately caused by serious and willful misconduct of the employer?"; and counsel for the employe stated that he would file a supplemental application setting forth the basis on which misconduct was claimed, with particular reference to certain safety orders. No supplemental application was filed, and after several continuances the matter was ordered off calendar in 1942. In 1946 it was again noticed for hearing, a "new" application was seemingly filed, an order was made that "the application will be considered as an amended application," an additional issue of "statute of limitations" was stated, and a hearing was had on all issues, including serious and wilful misconduct. Normal benefits were thereupon awarded, as well as an increased benefit based on the asserted misconduct. On the employer's petition for review the award of an increased benefit was annulled on the ground that, although "there is, and should be, great liberality in the matter of amendments this amendment in 1946, bringing in a new and different issue which must be separately 'commenced,' could not relate back and be effective as of a date in 1941, in the face of the clear provisions of section 5407 of the Labor Code. While considerable informality in proceedings before the commission is permitted, and properly so, the meaning and effect of these statutory provisions cannot be entirely set aside, and some attempt must be made to comply with them and to raise issues in the manner and within the time there provided." (Pp. 359-360 of 81 Cal. App.2d.)

In the Peterson case it would have been more nearly justifiable than in the present one to permit the so-called amendment stating misconduct, to relate back to the original date of filing the claim, inasmuch as there the employer was on specific notice within 12 months from the date of injury that the employe intended to claim serious and wilful misconduct. In the present case, however, the original claim not only did not state that serious and wilful misconduct was claimed but it expressly stated that the "employer was grossly negligent in maintenance of the press." As

this court has repeatedly emphasized (see *Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953), 40 Cal.2d 102, 117, 120 [251 P.2d 955]; *Hawaiian Pineapple Co.* v. *Industrial Acc. Com.* (1953), 40 Cal.2d 656, 662-663 [255 P.2d 431]; *Lynch* v. *Birdwell* (1955), 44 Cal.2d 839, 847-848 [285 P.2d 919]), serious and wilful misconduct means something different from and much more than negligence, however gross; such misconduct is basically the antithesis of negligence; and the two types of behavior are mutually exclusive. ▋ It follows that the original claim could not serve as the basis for a later "amendment" setting forth a charge of serious and wilful misconduct which would impose an entirely new and different legal liability on the employer. At no time within 12 months from the date of injury was it even suggested in this case that such a charge would be made.

Petitioner nevertheless, in reliance upon *Wennerholm* v. *Stanford University School of Medicine* (1942), 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358], (see also *LeCyr* v. *Dow*, (1939), 30 Cal.App.2d 457, 462-463 [86 P.2d 900]), urges that "Liberality is indulged in by the courts in permitting amendments, and no reason appears why a proceeding before the Industrial Accident Commission should be more technical." In the Wennerholm case the following appears: "The ground of general demurrer principally urged by the defendants is that the cause of action is barred by the statute of limitations. This contention is based on the theory that the fifth amended complaint charging fraud states a new and different cause of action from that for negligence stated in the original complaint. *Unless* the amended complaint sets forth an *entirely different cause of action* from the original, however, the amended complaint, for the purposes of the statute of limitations, must be deemed filed as of the date of the original complaint. [Citations.] The modern rule, where amendment is sought after the statute of limitations has run, is that the amended complaint will be deemed filed as of the date of the original complaint so long as recovery is sought in each complaint upon the *same general set of facts*. [Citations.] A *mere change in legal theory* will not subject the amended complaint to the bar of the statute of limitations. [Citations.] In the present case the only substantial difference between the factual situations set forth in the original and the fifth amended complaint is that the former charged that the representations were negligently made while the latter charges that they were made with knowledge of their falsity.

Despite the change in legal theory from an action for negligence to one for fraud, it cannot be said that an entirely different cause of action is stated. Therefore the latter complaint is not barred by the statute of limitations.'' (Pp. 717-718 of 20 Cal.2d; italics added.) And in the Wennerholm case the relief sought by the amended complaint remained the same; i. e., damages for the injuries allegedly ensuing from the misrepresentations.

However, in proceedings before the Industrial Accident Commission, a claim for normal benefits and a claim for increased benefits by reason of serious and wilful misconduct are *not* sought upon the same general set of facts, nor do they involve merely a difference or change in legal theory. The relief sought is not the same; the legal liability is not the same; and the ''proceedings'' to recover the benefits as respectively provided are recognized as being different. (Lab. Code, § 5407.) Normal benefits automatically follow from an injury within a covered employment relationship, whereas the additional award based on serious and wilful misconduct of the employer is an *additional* award which, although denominated and regarded for administrative purposes as ''increased compensation,''[1] is actually of the nature of a penalty, which is imposed only in ''proceedings'' commenced within ''Twelve months from the date of injury'' (Lab. Code, § 5407), and only upon proof of the aggravated criminal or quasi-criminal behavior which constitutes serious and wilful misconduct, and against which the employer cannot purchase insurance. (*Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953), *supra*, 40 Cal.2d 102, 108, 121, and authorities there cited; Ins. Code, § 11661.) Thus the two types of benefits are cumulative, rather than merely alternative, and are at least as different in essential supporting facts and legal theory as are negligence and serious and wilful misconduct. As pointed out in *Frost* v. *Witter* (1901), 132 Cal. 421, 426 [64 P. 705, 84 Am.St.Rep. 53], ''for the purpose of determining whether amendment is possible, the 'cause of action' referred to as furnishing the test means only the legal obligation which it is sought to enforce against the defendant.'' (*Klopstock* v. *Superior Court* (1941), 17 Cal.2d 13, 20 [108 P.2d 906, 135 A.L.R. 318].) Here, as shown above, the

---

[1]Such concept was deemed necessary in order to sustain jurisdiction in the Industrial Accident Commission to make the additional award. (*E. Clemens Horst Co.* v. *Industrial Acc. Com.* (1920), 184 Cal. 180, 192-193 [193 P. 105, 16 A.L.R. 611].)

legal obligation to pay normal benefits is one obligation, while that to pay additional compensation by reason of serious and wilful misconduct is an entirely distinct and further obligation. From what has been said, it follows that a claim specifically alleging gross negligence not only does not constitute the commencement of proceedings to collect additional compensation based on the statutorily defined misconduct of the employer but implicitly negatives existence of a basis for such proceedings. Hence, the commission, bound by the statute, as are we, correctly held that the misconduct issue was raised too late.

█ The employer points out, further, that under the provisions of sections 3756 through 3759 of the Labor Code (see also Ins. Code, § 11662)[2] the insurer will be substituted in place of the employer and the latter dismissed, in proceedings for normal benefits, whereas the employer must himself defend against a claim for extra benefits based on his alleged misconduct, against which, as already mentioned herein, he cannot insure. The legal liabilities or obligations for the two types of benefits are thus again shown to be essentially different. (See *Klopstock* v. *Superior Court* (1941), *supra*, 17 Cal. 2d 13, 20.)

By reason of our conclusion that the commission correctly dismissed the proceeding for additional compensation on the ground of serious and wilful misconduct because the so-called "amendment" was filed more than 12 months from the date of injury, no useful purpose would be served by discussing other points raised by the employer.

The order of dismissal is affirmed.

Shenk, J., Traynor, J., Spence, J., and McComb, J., concurred.

CARTER, J.—I dissent.

The majority opinion applies technical rules of pleading to a situation where such rules are clearly inapplicable, and

---

[2]Insurance Code, section 11662: "Whenever any employer is insured against liability for compensation with any insurer, such insurer is subrogated to the rights of the employer to recover losses arising out of any of the following acts by the insurer:

"(a) Assuming the liability of the employer for compensation in the manner provided by the law relating thereto.

"(b) Payment of any compensation for which the employer is liable.

"Such insurer may enforce any such subrogated rights in its own name."

fails to consider the liberal application required to be given the workmen's compensation laws.

Petitioner filed a timely application for a compensable injury suffered by him. In addition to the facts justifying compensation he stated that his employer was grossly negligent in the maintenance of the punch press which resulted in his injury. He later offered an amendment in which he charged serious and wilful misconduct in detail; the amendment was filed after the 12 months' period from the date of injury mentioned in section 4553 of the Labor Code. In my opinion the amendment was not necessary to raise the issue of wilful misconduct as such issue was implicit in the language contained in the original application. The only purpose the amendment served was to clarify and particularize the misconduct. Hence the time of offering the amendment is unimportant.

The majority holds that the statement in the original application was not sufficient to raise the wilful misconduct issue and that thus the amendment stated a new cause of action which was barred by section 4553.

Section 5500 of the Labor Code provides that: "The application shall be in writing and shall state the general nature of any controversy concerning compensation or any right or liability arising out of or incidental thereto and over which jurisdiction is vested by law in the commission." The rules of the commission state that a charge of wilful misconduct should be charged with some particularity but the only sanction for the failure to so state the case is that it is grounds for continuance. (Cal. Admin. Code, tit. 8, § 10700.) The workmen's compensation laws must be liberally construed with the purpose of extending the benefits for the protection of persons injured in the course of their employment. (Lab. Code, § 3202.) The pleadings in workmen's compensation proceedings are to be liberally construed and need not adhere to rules of pleading required in ordinary court procedure. (*DeMartini* v. *Industrial Acc. Com.*, 90 Cal.App.2d 139, 148 [202 P.2d 828].)

Here we have the allegation that the press was grossly negligently maintained. That was sufficient to advise the employer and his carrier that more than ordinary compensation was sought. Ordinary compensation is recoverable regardless of fault of the employer or employee. (Cal. Const., art. XX, § 21; Lab. Code, § 3600.) Hence petitioner's allegation

has no meaning unless it is charging wilful misconduct on the part of the employer. The mere fact that the words "gross negligence" were used does not indicate that the employer was not apprised of a claim for more than ordinary compensation. While gross negligence and wilful misconduct are different, it is said in *Mercer-Fraser Co.* v. *Industrial Acc. Com.,* 40 Cal. 2d 102, 116 [251 P.2d 955], quoting with approval from *Donnelly* v. *Southern Pac. Co.,* 18 Cal.2d 863, 869 [118 P.2d 465] : "It is frequently difficult, however, to characterize conduct as willful or negligent." An applicant for compensation should not be penalized, therefore, because he characterized the conduct as gross negligence rather than as wilful misconduct.

The decision of the majority is squarely contrary to *Wennerholm* v. *Stanford University Sch. of Med.,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358], where the court held that an amendment which charged intentional fraud was not a new cause of action where the original complaint charged that representations were negligently made; that therefore the statute of limitations had not run although the amended complaint was filed after the limitation period. Here a change from a charge of gross negligence in the maintenance of the press to wilful misconduct in the maintenance of the press does not constitute stating a new cause of action.

The opinion of the District Court of Appeal, Second District, Division Three, prepared by Mr. Justice Ashburn, pro tempore, ably disposes of this case and I adopt it as a part of my dissent as follows (see (Cal.App.) 288 P.2d 164) :

"Petitioner challenges as excess of jurisdiction a refusal of respondent Industrial Accident Commission to consider his claim to increased compensation for an industrial accident based upon an allegation of serious and wilful misconduct of the employer. That is the only question in the case. Employer and employee are within the Workmen's Compensation Act, the injury was a compensable one, and the normal compensation due petitioner has been adjusted without prejudice to the claim now before us.

"Petitioner received an injury to his hand on June 10, 1953, filed an application for adjustment of his claim on July 13, 1953, and an amendment thereto on December 17, 1954. The application was made upon a printed form provided by the commission. At the line beginning with 'Explain How Injury Was Received' it says 'Punch press broke so that it

508

punched twice in rapid succession.' And paragraph 11, 'The reason for filing this claim is:' was filled in as follows: 'Partial permanent disability of claimant. Claimant alleges that employer was grossly negligent in maintenance of the press.' The printed prayer reads: 'Wherefore, It is requested that a time and place be fixed for hearing and notice given, and that an order or award be made granting such relief as the party or parties may be entitled to.' Hearing was set for September 21, 1953, and later taken off calendar by stipulation. On December 17, 1954, petitioner filed a document entitled 'Amendment (By Interlineation)' which reads as follows: 'Whereas serious and wilful misconduct has been alleged by claimant in his application for adjustment filed with the above commission, July 9th, 1953, and it is claimant's desire to amend said allegation with regard to serious and wilful misconduct, and in said application it is set forth as follows: "Claimant alleges that employer was grossly negligent in maintenance of the press," that in the place and stead of said allegation claimant alleges as follows: I. That on or about June 10th, 1953, the respondent Bowers Mfg. Company operated and maintained a certain punch press in its place of manufacturing in violation of section 3601 (b) Title 8, of the California Adminisgration Code, in thay all points of operation guards were not properly set up, adjusted or maintained in safe and efficient working order. II. That as a proximate result of said serious and wilful misconduct of said respondant, the claimant, Cesar Lambreton while working within the course and scope of his employment, suffered personal injuries and damage of a permanant nature, to-wit: Loss of part of middle finger right hand and paralysis of index finger of right hand. WHEREFORE IT IS PRAYED that in addition to his award, that respondants be assessed extradordinary damages for serious and wilful misconduct.' As this filing was more than one year after date of injury the commission held that the claim of serious and wilful misconduct of the employer was barred by Labor Code, section 5407 and dismissed the same.

"Section 4553 Labor Code provides: 'The amount of compensation otherwise recoverable shall be increased one-half where the employee is injured by reason of the serious and wilful misconduct of any of the following: (a) The employer, or his managing representative. . . . But such increase of award shall in no event exceed three thousand seven hundred

fifty dollars ($3,750).' And section 5407: 'The period within which may be commenced proceedings for the collection of compensation on the ground of serious and wilful misconduct of the employer, under provisions of section 4553, is as follows: (a) *Twelve months from the date of injury.* This period shall not be extended by payment of compensation, agreement therefor, or the filing of application for compensation benefits under other provisions of this division.'

"The theory of the commission and of the employer, as respondent, is that a charge of gross negligence is the antithesis of serious and wilful misconduct and hence the amendment of December 17, 1954, was the first charge of such misconduct and, being filed more than a year after the accident, came too late. Petitioner's counsel take the position that the said document was but an amendment of a defective but amendable allegation in the original application and that it therefore dates back to the time of original filing on July 13, 1953. Respondents do not challenge the applicability to compensation proceedings of this doctrine of relation; they merely take the position that there was no basis for an amendment and hence no room for application of the relation rule. This case thus reduces itself to a question of whether we deal with a mere variance or a complete departure in pleading.

"There are certain rules relating to court actions which point the way to a correct decision here. And it must be accepted as a mere truism that proceedings before the commission are attended by less, not more, formality than those in a court of law. Sections 5708 and 5709, Labor Code, so declare in substance.

"Respondents rely primarily on *Mercer-Fraser Co.* v. *Industrial Acc. Com.,* 40 Cal.2d 102 [251 P.2d 955], a case in which an award of increased compensation for serious and wilful misconduct was annulled for insufficiency of the evidence, which showed negligence and fell short of proof of such misconduct. In so doing the court discussed the difference between negligence and wilful misconduct, saying at page 120: 'Rather, the true rule is that serious and wilful misconduct is basically the antithesis of negligence, and that the two types of behavior are mutually exclusive; an act which is merely negligent and consequently devoid of either an intention to do harm or of knowledge or appreciation of the fact that danger is likely to result therefrom cannot at the same time constitute wilful misconduct; conversely an act delib-

erately done for the express purpose of injuring another, or intentionally performed either with knowledge that serious injury is a probable result or with a positive, active, wanton, reckless and absolute disregard of its possibly damaging consequences, cannot properly be classed as the less culpable conduct which is termed negligence. It follows that a finding of serious and wilful misconduct cannot be sustained upon proof of mere negligence of any degree.' It also quoted from *Meek* v. *Fowler*, 3 Cal.2d 420, 425 [45 P.2d 194], as follows: ' ''While the line between gross negligence and wilful misconduct may not always be easy to draw, a distinction appears . . . in that gross negligence is merely such a lack of care as may be presumed to indicate a passive and indifferent attitude towards results, while wilful misconduct involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences.'' ' This *Mercer-Fraser* case involved no problem of amendment and, so far as here applicable, holds only that gross negligence is not the equivalent of serious and wilful misconduct. Ours is a different question, whether a charge of gross negligence affords basis for an amendment to allege wilful misconduct under the circumstances presented by the record at bar.

''It must be recognized that section 4553, in providing increased compensation for wilful misconduct, does not create a separate cause of action or claim. This was determined by *E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180 [193 P. 105, 16 A.L.R. 611]. The constitutionality of the Compensation Act was there challenged and it was claimed that the provision for such additional award was unconstitutional because the Constitution empowered the Legislature to do no more than provide for 'compensation' for injured employees and that the addition of a penalty for wilful misconduct was not embraced by that term. At page 192 the court said: 'This language does not authorize the creation of a liability for anything more than *compensation.* If the fifty per cent to be added in cases where the injury is caused by the willful misconduct of the employer is given as a penalty for such misconduct, and not as compensation to the employee for his injury, the provision is not within the power given to the legislature by said section, and if it has no other sanction, it is beyond the legislative power and void.' And at 193: 'It is, therefore, to be presumed the legislature found that the actual injury by loss of earnings and other

elements of damage, not including expenses for costs of treatment and the like, would be at least fifty per cent more than the fixed schedule would come to, and that it was deemed just if the injury was caused by willful misconduct of the employer he should be made to pay a greater proportion of the burden, and that the allowance in such a case should be increased by adding fifty per cent thereto. Thus considered, the additional allowance is really for additional compensation in the strict sense, and not for exemplary damages. This being the case, the power to enforce it was properly given to the commission under the provisions of section 21, article XX, of the constitution.' So it is not a question at bar of whether a new cause of claim can be introduced by amendment after lapse of the period of limitation, but whether the amount of the claim may be so increased.

"Cases dealing with amendments in court actions furnish the correct answer. Great liberality is indulged in the matter of amendment to the end that lawsuits may be determined upon their merits. (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 19 [108 P.2d 906, 135 A.L.R. 318]; *Frost* v. *Witter,* 132 Cal. 421, 424 [64 P. 705, 84 Am.St.Rep. 53]; *Barr* v. *Carroll,* 128 Cal.App.2d 23, 26 [274 P.2d 717]; *Hanna* v. *Hirschhorn,* 112 Cal.App. 438, 440-442 [296 P. 891].) But the solution of every problem of whether a new cause of action has been inserted by amendment after the running of the statute of limitation must be solved by applying to the specific facts a correct conception of what constitutes a cause of action. A cause of action is the right to secure redress for violation of an obligation owing to the claimant. In *Klopstock* v. *Superior Court, supra,* 17 Cal.2d 13, at page 20: 'In determining whether a wholly different cause of action is introduced by the amendment technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated. As the court says in the Frost case (*supra,* p. 426), for the purpose of determining whether amendment is possible, the "cause of action" referred as to furnishing the test means only the legal obligation which it is sought to enforce against the defendant. Other courts have used almost identical language; the test is not whether under technical rules of pleading a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts

which give rise to a wholly distinct and different legal obligation against the defendant. The power to permit amendment is denied only if a change is made in the liability sought to be enforced against the defendant. (See *Harriss* v. *Tams*, 258 N.Y. 229, 242 [179 N.E. 476].)' *Day* v. *Western Loan & Bldg. Co.*, 42 Cal.App.2d 226, 231 [108 P.2d 702]: 'It is well-settled that, where the original complaint has been filed within the statutory period, an amended complaint may be filed after the statute has run as long as it does not state a new or different cause of action from that appearing in the original complaint. Stated another way, if the original complaint defectively states a cause of action, it may be amended after the running of the statute as long as the cause of action stated in the amended pleading can trace its descent from the original pleading.'

"*Wennerholm* v. *Stanford University Sch. of Med.*, 20 Cal. 2d 713 [128 P.2d 522, 141 A.L.R. 1358], was an action against manufacturers, distributors, and dispensers of certain drugs for personal injuries caused by use of same. The first four complaints charged negligence; the fifth amended complaint shifted to fraud. Judgment sustaining demurrer thereto without leave to amend was reversed. At page 717: 'The ground of general demurrer principally urged by the defendants is that the cause of action is barred by the statute of limitations. This contention is based on the theory that the fifth amended complaint charging fraud states a new and different cause of action from that for negligence stated in the original complaint. Unless the amended complaint sets forth an entirely different cause of action from the original, however, the amended complaint, for the purposes of the statute of limitations, must be deemed filed as of the date of the original complaint. [Citing cases.] The modern rule, where amendment is sought after the statute of limitations has run, is that the amended complaint will be deemed filed as of the date of the original complaint so long as recovery is sought in each complaint upon the same general set of facts. [Citing cases.] A mere change in legal theory will not subject the amended complaint to the bar of the statute of limitations. [Citing cases.] In the present case the only substantial difference between the factual situation set forth in the original and the fifth amended complaint is that the former charged that the representations were negligently made while the latter charges that they were made with knowledge of their falsity. Despite the change in legal theory from an action

for negligence to one for fraud, it cannot be said that an entirely different cause of action is stated. Therefore the latter complaint is not barred by the statute of limitations.'

"Certainly the amendment at bar 'can trace its descent from the original pleading' and be said to involve the 'same general set of facts' as the original application. That document was a printed form supplied by the commission. At the foot of the page in small capital letters it says 'Note—Under the provisions of the Workmen's Compensation Insurance and Safety Laws, the applicant need only state the general nature of the claim in controversy. . . .' This the applicant did when he said 'Punch press broke so that it punched twice in rapid succession.' Of course, no charge of fault or negligence is necessary to or expected in such an application. When claimant's attorney included in the 'reason for filing this claim' a statement that 'Claimant alleges that employer was grossly negligent in maintenance of the press' he served notice that something more than compensation payable regardless of fault would be sought. And the printed prayer 'That an order or award made granting such relief as the party or parties may be entitled to' was broad enough to sustain an award of increased compensation if perchance gross negligence would afford ground for such an award in point of law. Obviously the application was defective but, fairly and liberally construed, it did give notice of a claim for compensation additional to the normal amount payable without fault. It was aimed, as were the later allegations of wilful misconduct, at increased compensation which was but an incident to, a part of the basic claim. (*E. Clemens Horst Co.* v. *Industrial Acc. Com., supra,* 184 Cal. 180, 192-193.)

"The fact that it was inexpertly phrased does not deprive it of all value as a basis for informed amendment. When the basic facts are the same a shifting from one theory of liability to another is not the substitution of a new cause of action. (*Oberkotter* v. *Woolman,* 187 Cal. 500, 504 [202 P. 669]; *Wennerholm* v. *Stanford University Sch. of Med., supra,* 20 Cal.2d 713, 718; *Barr* v. *Carroll, supra,* 128 Cal. App.2d 23, 33-34.) The absence of a vital allegation in an original complaint, resulting in the statement of no cause of action at all, does not preclude an amendment to incorporate that indispensable element of the action. The correct view is well stated in 2 Witkin's California Procedure, section 606, page 1619: 'If the original complaint *fails to state a cause of action,* because of defective pleading of the elements, it is in

a sense true that the amended pleading states a new cause of action. But there is no objection to an amendment of this kind, for this is the typical next step when a general demurrer is sustained with leave to amend. The important point is that the amended complaint merely improves the formerly defective statement of the same cause of action; there is no change in the nature of the case and therefore no surprise or prejudice to the defendant. (See *Rauer's Law etc. Co.* v. *Leffingwell* (1909), 11 Cal.App. 494, 495 [105 P. 427]; *Ruiz* v. *Santa Barbara Gas etc. Co.* (1912), 164 Cal. 188, 194 [128 P. 330]; *Woods* v. *Cook* (1936), 14 Cal.App.2d 560, 562 [58 P.2d 965], *infra,* § 613.)' Both original application and amendment count upon an accident of June 10, 1953, occurring at the premises of the employer Bowers Manufacturing Company, and resulting in loss of part of middle finger of applicant's right hand and paralysis of index finger of right hand. The gross negligence was alleged to relate to 'maintenance of the press,' and the wilful misconduct to the same thing, but more elaborately 'That on or about June 10th, 1953, the respondent Bowers Mfg. Company operated and maintained a certain punch press in its place of manufacturing in violation of section 3601 (b) Title 8, of the California Administration Code, in that *all points of operation guards were not properly set up, adjusted or maintained in safe and efficient working order.'*

"*Eatwell* v. *Beck,* 41 Cal.2d 128, 135-136 [257 P.2d 643], affords a persuasive analogy. That was an action for deceit. Of course, fraud without damage is not actionable at law and such an averment is essential to a good complaint. (*Munson* v. *Fishburn,* 183 Cal. 206, 220 [190 P. 808]; *Maynes* v. *Angeles Mesa Land Co.,* 10 Cal.2d 587, 590 [76 P.2d 109]; 12 Cal.Jur., § 69, p. 813.) The exclusive measure of Eatwell's recovery was his out-of-pocket loss under section 3343, Civil Code; he had alleged certain damage which was not recoverable; confronted by motion for nonsuit he sought leave to reopen and to amend his complaint to aver the proper damages. This was denied and held to be erroneous. An amendment to incorporate a proper allegation was held to be proper and indeed not to be denied. See also ruling of this court in *Smith* v. *Los Angeles Bookbinders Union,* 133 Cal. App.2d 486, 495 [284 P.2d 194].

"This procedural liberality was applied to a compensation case in *National Auto. & Cas. Ins. Co.* v. *Industrial Acc. Com.,* 95 Cal.App.2d 10 [212 P.2d 1]. In that instance the appli-

cation alleged that the employee 'accidentally sustained a laceration of the arm, followed by infection' and died as a result of same. Without any amendment of the pleading, the commission found that 'deceased was on her feet for long hours at a time while performing her said services and such activities aggravated or precipitated an acute attack of thrombophlebitis, proximately causing her death' (p. 12). It was claimed that this was a fatal variance and hence the award was void, concerning which contention the court said: 'But little need be said about the claimed variance. The commission is not bound by strict rules of procedure. (Lab. Code, § 5708.) An examination of the record demonstrates that, from the very beginning of the hearing, it was obvious that the petitioner was relying upon aggravation of a preexisting injury as well as the claimed infection of the arm as the cause of death. It was petitioners' witnesses who demonstrated that death was caused by thrombophlebitis and not by the arm injury, and it was also petitioners' witnesses who proved that such condition was aggravated by overwork. Petitioners were not surprised by this theory. Although it would have been better practice to have moved to amend to conform to proof, the failure to do so was a mere informality which does not invalidate the award. (Lab. Code, § 5709.)'

"Respondents rely heavily upon *Peterson* v. *Industrial Acc. Com.*, 81 Cal.App.2d 352 [183 P.2d 927], but we do not consider it opposed in any respect to the views herein expressed. In that case the application gave no intimation of any claim other than normal compensation. At the hearing the referee saw that wilful misconduct was apparently being charged, told counsel for claimant he would have to amend in order to make that claim, gave permission so to do and suggested: 'Additional Issue. Was injury proximately caused by serious and wilful misconduct of the employer?' The referee also told counsel it would be necessary to file a supplemental application and was told that that would be done. This was on December 4, 1941; after various continuances and other delays the matter was finally heard on July 19, 1946, more than four years later. No amended or supplemental application having been filed until April 29, 1946, an order was made deeming this 1946 application to be an amendment to the original; and an increased award was made on the ground of employer's misconduct. In annulling it the court held that there was no claim on file which could form a basis for such increased compensation, that an oral amendment

would not suffice to raise the issue and that a written amendment filed more than four years after the accident came too late. The court said at page 357: 'While a claim for both sorts of benefits may well be included in a single application, the language of section 5407 indicates an intention that some definite step, other and different from the filing of a general application, must be taken to raise an issue of wilful misconduct, and that an application setting up only the ordinary issues shall not be sufficient for that purpose. The respondents contend that sections 4553 and 5407 contain no provisions as to how such a proceeding for the raising of such an issue shall be commenced, whereas sections 5500 and 5501 provide for the application on the ordinary issue. The latter sections are contained in a chapter devoted to pleading and it is nowhere stated therein that they relate only to applications on the ordinary issues. Section 5500 states that the application shall be in writing and shall state the general nature of the controversy concerning compensation, or any right or liability arising out of or incidental thereto. This would seem to have been intended to apply to both of these kinds of issue. In any event the original application here merely set forth as the cause of the injury that a cave-in resulted because the walls of the excavation were not properly shored up. It also stated the only question presented as being whether or not the applicant had entirely recovered or had suffered permanent disability. That this was the only issue raised was recognized by the referee at the first hearing and concurred in by all parties. In our opinion, the application as originally filed was not sufficient to raise the willful misconduct issue.' And at 359: 'The hearing leading to the award here in question was then held, based on the new application thus deemed to be an amendment to the original application, on the theory that it related back to the date of filing the original application. While there is, and should be, great liberality in the matter of amendments this amendment in 1946, bringing in a new and different issue which must be separately ''commenced,'' could not relate back and be effective as of a date in 1941, in the face of the clear provisions of section 5407 of the Labor Code. While considerable informality in proceedings before the commission is permitted, and properly so, the meaning and effect of these statutory provisions cannot be entirely set aside, and some attempt must be made to comply with them and to raise issues in the manner and within the time there provided. We

conclude that the respondent commission exceeded its jurisdiction in making the particular award which is here in question.' The case did not deal with our problem and is not opposed to the views above expressed.

"Respondent commission's reliance upon its rule 10700 (Cal. Admin. Code, tit. 8, § 10700) is of no avail. It sets forth requirements for a charge of serious and wilful misconduct in an application, concluding as follows: '(c) Failure to state the basis of the claim of serious and wilful misconduct with the particularities herein provided, unless specifically waived by the adverse parties, may be grounds for a continuance.' Continuance of hearing, not dismissal, is the penalty for failure to plead wilful misconduct with the particularity required by the rule."

For the foregoing reasons I would annul the order.

Petitioner's application for a rehearing by the Supreme Court was denied June 12, 1956. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the application should be granted.